JOHN WARBURTON, RESPONDENT, v. ABNER DOBLE, APPELLANT.

FORCIBLE ENTRY AND DETAINER—PLEADINGS IN.—In actions for forcible entry and detainer, the denial that the plaintiff owned the buildings on the premises in controversy, does not raise an issue which can be tried in that action.

IDEM—SET-OFF OR COUNTER CLAIM.—A set-off, or counter claim, is not admissible in actions of this class, whether it be a demand for money or for a previous forcible entry of the plaintiff.

IDEM—PROOF THAT POSSESSION WAS PEACEABLE REQUISITE.—Under the statute, the plaintiff must show not only an actual possession, but also that the possession was peaceable.

IDEM—IN WHAT CASES THE TITLE MAY BE ENQUIRED INTO IN DETERMINING THE DAMAGE—WASTE.—When damages are claimed which do not necessarily result from the forcible entry or detainer—as for waste, the title to the property alleged to have been injured is a proper subject of enquiry.

APPEAL from the County Court, City and County of San Francisco.

The case is stated in the opinion.

*Estee & Heacock,* for Appellant.

*J. A. Fletcher,* for Respondent.

RHODES, J., delivered the opinion of the Court :

The Court did not err in striking out certain portions of the answer. The denial, that the plaintiff owned the buildings on the premises in controversy, does not raise an issue

that can be tried in an action of forcible entry and detainer. The new matter pleaded by the defendant, in respect to the lease of the premises to the plaintiff, its expiration, and the subsequent forcible and fraudulent entry and detainer by the plaintiff, his attempt to place other persons in possession, and the claim of the defendant against the plaintiff for the rent of the premises, do not constitute a defense to the action. A set-off or counter claim is not admissible in actions of this class, and it makes no difference whether it be a demand for money, or a previous forcible entry of the plaintiff.

The Court erred, in our opinion, in instructing the jury that "the actual possession being admitted, the presumption is that it was peaceable, unless the contrary appear." Section 9 of the Act of 1866 (Statutes 1865–6, p. 770), provides that the plaintiff shall be required to show that he was "peaceably in the actual possession at the time of the forcible entry." If peaceable possession is to be presumed from actual possession, he would be required only to show his actual possession, for a party is not required to prove a presumption of law. But actual possession is not necessarily peaceable possession, and the plaintiff must show, as a fact, that his possession was peaceable.

The important question in the case is whether the defendant was entitled to prove that the buildings which were destroyed by him were his own property. The evidence was offered, not for the purpose of showing that the plaintiff had no title, or was not rightfully in possession, but only in reduction of the damages. No authorities are cited upon either side of the question. The Court below, in sustaining the objections to the evidence, held that the real questions in the case were : " Was the plaintiff in possession? Did the defendant go in and oust him ? Did he do any damage? If so, what? " In view of the offer made, one question was stated too broadly. It should have been : " Did he do *the plaintiff* any damage ? " It is provided by Section 12 of the Act of 1866, that the Court or jury shall find or assess "the damages occasioned to the plaintiff by such forcible entry or forcible detainer." The elements composing the damages

are not stated in the Act, but the rents and profits intermediate the forcible entry, and the rendition of the judgment would constitute a portion of the damages, as necessarily incident to the recovery of the possession of the premises.

The right to the rents and profits comes from the right to the possession of the premises, and, as the plaintiff, by having been wrongfully deprived of the possession, has lost the rents and profits, such loss constitutes damages occasioned by the forcible entry and detainer, and they are occasioned to the plaintiff. If an injury to the premises—such as the destruction of a building—is caused by the defendant, while in possession, it does not, necessarily, damage the plaintiff beyond the value of the use of the building. If the plaintiff claims the value of the building as damages, the solution of the question, it would seem, would depend upon the amount of his interest in the building. Clearly, he ought not to recover the same damages when he has no interest in the building, as when he owns it. The purpose of the action is to obtain a restitution of the premises and damages occasioned by the forcible entry and detainer; and title cannot be enquired into to defeat a recovery in either of those respects; for, upon proof of the facts specified in the statute, and the value of the rents and profits, the plaintiff is conclusively entitled to judgment both for the restitution of the premises and for such damages. But when damages are claimed, which do not necessarily result from the forcible entry or detainer, we are unable to perceive why title to the property alleged to have been injured may not be a proper subject of enquiry, under the same circumstances and for the same purpose that it would be in an action of another character for the recovery of the same damages. It has a direct bearing on the question as to how much damage has been occasioned to the plaintiff by the alleged injury. If the plaintiff did not own the buildings, he did not sustain damage by their destruction to the extent of their value. It would be so palpably unjust to hold the defendant responsible to another, who may, perhaps, be a trespasser, for the destruction of his own building, that nothing short of

the imperative directions of the statute would justify such a decision.

There is another view of this question, which may be taken. The Statute of 1850 (Sec. 12), provided that, in an action of this character, damages should be assessed "as well for waste and injury committed upon the premises as for the rents and profits during such detainer." That statute was involved in *Hicks* v. *Herring* (17 Cal. 566.) The action was for waste, committed pending an action of forcible entry and detainer, brought by the same plaintiff against the same defendant, in which the plaintiff had judgment for the restitution of the premises, and for damages prior to its commencement, and also for the rents and profits. The defendant demurred to the complaint, and the point of the demurrer was, that the claim for damages, under the Act, could not be split up so as to authorize a separate action for the waste; but it was held that "there is no such necessary connection between the rents and profits and waste committed as to require the damages from the loss of the one and the commission of the other to be united in the same demand." It was also considered that the loss of the rents and profits was a necessary consequence of the forcible entry and detainer. The Court would not have sustained a separate action for the waste, had that also been a necessary consequence of the forcible entry and detainer.

In 1861, the statute was amended by providing that such damages should be assessed, "if claimed in the complaint." (Stats. 1861, p. 582.) The statute was again amended in 1863 (Stats. 1863, p. 655, Sec. 13), by which it was required, as by the Act of 1866, that the Court or jury should find or assess "the damages occasioned to the plaintiff by such forcible entry or forcible detainer," and no mention was made of waste or injury to the premises. The omission must have been intended to work a corresponding change in the action upon the point of damages. The party injured may have his action for the waste and injury, and it depends upon principles so different from that of forcible entry and detainer, and for the rents and profits intermediate the commencement and trial of the action, and is sustained by evi-

dence so different in its character, that there is no good reason why it should be united with an action for forcible entry and detainer. The Legislature, with manifest propriety, left the cause of action for waste and injury to the premises to stand on its own merits, instead of being litigated as an appendage to another action, with which it had no connection, except in point of time. This case illustrates the wisdom of the change in the law, for the difficulty and inconvenience of trying a case, in which, as to one question, the title could, and as to another, it could not be proven, is very evident. If the plaintiff, since the amendment of 1863, is entitled, in an action of forcible entry and detainer, to recover for waste, no good reason can be given why he is not, also, entitled to recover, as the plaintiff in this action sought to do, for injuries to his personal property. The one is not more than the other, a damage occasioned by the forcible entry or forcible detainer.

Judgment reversed and cause remanded for a new trial.

SPRAGUE, J., expressed no opinion.