[Department One. — January 24, 1883.]

## JOHN KELLY, Respondent, v. WILLIAM TEAGUE ET AL, Appellants.

Landlord and Tenant — Breach of Covenant — Unlawful Detainer. — If a tenant of leased premises remain in possession after the breach of a covenant on his part contained in the lease, which cannot subsequently be performed, an action may be brought against him for an unlawful detainer without notice to perform the covenant.

Pleading — Counter-claim. — A summary proceeding against a tenant for an unlawful detainer is not a proper case for a counter-claim.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was a summary proceeding for an unlawful detainer. The answer set up an indebtedness from the plaintiff to the defendant Teague as a counter-claim. The additional facts are stated in the opinion of the court.

*J. C. Bates*, for Appellants.

*W. S. Goodfellow*, and *Jarboe & Harrison*, for Respondent.

Morrison, C. J. — The complaint in this case alleges that on the 10th day of February, 1875, plaintiff leased to defendant Teague a certain lot of land in the city of San Francisco for the term of ten years, at a monthly rental of fifty dollars; that the lease contained a covenant on the part of the lessee to pay "all the taxes and assessments that should be levied upon said premises during the term"; that defendant entered into possession of the premises under the lease on the 1st day of March, 1875, and has held the possession ever since either in person or by subtenant; that taxes and assessments to the amount of $152.88 were levied upon the premises for the fiscal year ending June 30, 1882; that said sum became due and was payable on the 26th day of December, 1881; that defendants failed to pay the taxes and assessments prior to the 28th day of March, 1882, and by reason of such failure the premises were sold for taxes and assessments due thereon. The complaint further alleges that on the 13th day of April, 1882, the plaintiff served on each of the

defendants a notice in writing, requiring them within three days after the service of the notice to perform the condition contained in the lease, or deliver up to the plaintiff the possession of the premises. The answer denies generally all the averments in the complaint, and also sets up a counter-claim. Plaintiff had judgment for restitution of the possession and costs of suit.

The action was brought under § 1161 of the Code of Civil Procedure, and was not a proper case for a counter-claim.

The first point made in defendant's brief is, that the complaint was fatally defective, for the reason that there was no allegation of non-payment of taxes, and the second point is, that the notice was fatally defective because it did not state any amount, or the year for which the taxes were due. Neither of these points is well taken. The complaint is sufficient, and no notice was required. The tenant covenanted to pay the taxes, and the law fixes the time within which taxes must be paid. The defendant was in default, and had broken the covenant of the lease before the notice was received. In the case of *The Opera House* v. *Bert,* 52 Cal. 471, the court say: "But whether the breach did or did not operate a forfeiture, which would justify *ejectment,* an action in the present form in the county court can be maintained only upon a refusal to perform a covenant which can be performed after breach, and the notice contemplated by the statute." The lease in that case was made in 1875, and the forfeiture insisted upon occurred in August, 1876. The present action is brought under a statute approved April 1, 1878, which was intended, as may be justly inferred, to cover just such a case as the former statute did not embrace.

By § 1161 of the Act of 1878 (sub. 3, Code Civ. Proc.) it is *provided* that "if the covenants and conditions of the lease, violated by the lessee, cannot afterward be performed, then no notice, as last prescribed herein, need be given to said lessee or his subtenant demanding the performance of the violated covenant or conditions of the lease."

By the provisions of the Code as it now exists, and has existed since April, 1878, the right of action by the landlord against the tenant accrues upon the latter continuing in possession of the demised premises in person, or by his sub-tenant after a neglect or failure to perform any condition or covenant of the lease, and

no notice to him to perform is required if it appears that the covenant or condition cannot afterward be performed by him.

Judgment and order affirmed as of October 30, 1883.

Ross, J., and McKinstry, J., concurred.