[No. 973.    Decided March 29, 1894.]

THOMAS PHILLIPS AND HATTIE E. PHILLIPS, *Appellants,* v. PORT TOWNSEND LODGE, No. 6, F. & A. M., *Respondent.*

STATEMENT OF FACTS — NOTICE OF SETTLEMENT — ACTION OF FORCIBLE ENTRY AND DETAINER — COUNTERCLAIM AND EQUITABLE DEFENSES.

The fact that notice of the settlement of a statement of facts was given prior to the rendition of judgment, is not ground for striking the statement, when the notice designated a day subsequent to the judgment as the time at which the application for settlement would be made.

34—8 WASH.

|  8 | 529 |
| 25 | 115 |
| f25 | 116 |
|  8 | 529 |
| 27 | 386 |
| 27 | 389 |
|  8 | 529 |
| e33 | 457 |
|  8 | 529 |
| 34 | 609 |

In an action instituted by a landlord against a tenant for rent, under the forcible entry and detainer act (Laws, 1891, p. 179), an answer setting up a counterclaim on account of repairs made by the tenant which it was the duty of the landlord to make, is demurrable on the ground that it does not state a defense.

*Semble:* In such an action defendant cannot interpose an answer alleging that in drawing up the lease certain terms thereof were omitted by mutual mistake, and asking that the lease be reformed to express the contract of the parties.

*Appeal from Superior Court, Jefferson County.*

*Carroll & Rohde*, for appellants.

*Johnson & Moody*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The respondent moves this court to strike the statement of facts herein from the record, and to dismiss the appeal—(1) Because the notice to settle said statement was prematurely given; and (2) because all of the evidence upon which the case was tried in the court below, together with the objections and exceptions taken to the reception or rejection of testimony, is not in the record.

It seems, from the date of filing, that the notice to settle the statement was given prior to the rendition of judgment, but designated a day subsequent to the judgment as the time at which the application for settlement would be made to the judge. The same objection was raised before the lower court that is now insisted on here, and we think the learned judge did right in disregarding it. It is not contended that the respondent did not have actual notice of the proceeding, and we think the point made is not sufficient to justify us in depriving the appellants of a trial on the merits in this court. The court below certifies that the statement contains all the material facts in the cause, and that is sufficient under the statute and the previous decisions of this court.

The motion must be denied.

On August 22, 1891, the appellants leased to the respondent the upper story of a certain building owned by them in Port Townsend for the period of five years from and after September 1, 1891, at a stipulated rent, payable monthly in advance.   A written lease was executed in duplicate in every respect in conformity with law.

The respondent took possession of the premises under the lease, and paid the rent for the month of September, but neglected and refused to make further payments; whereupon, in the month of January, 1892, the appellants instituted this proceeding for the possession of the demised premises, and to recover rent for the same under the forcible entry and detainer act of March 7, 1891.   The respondent answered, admitting the execution of the lease as alleged in the complaint, and not denying the non-payment of the rent reserved, and pleaded as a defense and counterclaim that it was mutually agreed and understood between all the parties to the lease that the plaintiffs were to keep the roof of the leased building in repair at their own cost and expense; but, by mutual mistake, and without the fault of the defendant, the covenant to repair and preserve said roof was omitted from the written lease; that the plaintiffs, at the time of the agreement to lease, and at the time of the execution thereof, willfully and fraudulently represented to defendant that the roof on the said premises was good and sound, when in fact said roof was unsound and insufficient to protect said premises from the elements, all of which was known to plaintiffs, and defendant, relying upon said representations, proceeded to repair, alter and occupy said premises; that upon failure of the plaintiffs, upon notice from defendant, to repair said roof, the defendant put a new roof upon said building at an expense of $225, and charged said sum to the plaintiffs, and asked for a reformation of the lease and for a judgment against plaintiffs for $125, being the difference between the rent

admitted to be due and the cost of the alleged expenditure in repairing the roof.    The plaintiffs interposed a general demurrer to the affirmative defense and counterclaim, which was overruled, and exception taken, after which the plaintiffs replied, denying generally the new matter in the answer.    A trial was had, resulting in a judgment of non-suit, on motion of defendant, but a new trial was granted on condition that the plaintiffs would amend their complaint by alleging that they were entitled to the possession of the demised premises at the time of the commencement of the action.    This the plaintiffs did, and it was thereupon stipulated that the original answer should be deemed an answer to the amended complaint, and that the original reply should stand as the reply thereto.

Upon the second trial all of the. issues raised by the pleadings were submitted to a jury, who found specially that there was an agreement between the plaintiffs, or Thomas Phillips, and the defendant, before the signing and execution of the lease in question, that the roof of the premises to be leased was in good repair and condition, and would be kept so by plaintiffs during the continuance of the lease, but that this agreement was not omitted from the lease on account of false and fraudulent representations of plaintiff, Thomas Phillips, to the defendant, but by mutual mistake or misunderstanding.    The jury also returned a general verdict in favor of the defendant for the sum of $125.    The court entered a decree requiring the appellants to execute a new lease containing a covenant to keep the roof of the said building in repair and a judgment for defendant for the said sum of $125, and plaintiffs appealed.

The appellants did not on the second trial specifically renew their demurrer to the counterclaim set up in the answer, and the respondent for that reason insists that they cannot now avail themselves of it, and cannot be heard to make the objection that the affirmative matter contained

in the answer does not constitute a defense.    But it must
be remembered that no new answer was filed, and that the
demurrer to the only answer on file had already been over-
ruled.    The appellants therefore had a right to presume
that the sufficiency of the pleading had been finally deter-
mined by the court, and that a renewal of the demurrer
would be useless.    They did raise the same question, how-
ever, in another form, by objecting to the testimony offered
in support of the plea, which fact of itself shows that they
did not intend to waive it.    We, therefore, think the ap-
pellants are entitled to the opinion of this court as to the
sufficiency of the defense interposed to the cause of action
stated in the complaint.

In our judgment the demurrer should have been sus-
tained.    The very object the legislature had in view in
enacting the statute under which the appellants were pro-
ceeding was to afford a summary and adequate remedy for
obtaining· possession of premises withheld by tenants in
violation of the covenants of their lease, and this object
would be entirely frustrated if tenants were permitted to
interpose every defense usual or permissible in ordinary
actions at law.    The statute prescribes that a tenant is
guilty of unlawful detainer, after default in the payment
of rent pursuant to the lease or agreement under which the
property is held, and three days' notice, in writing, requir-
ing its payment or possession of the property, shall have
been served upon him.    Laws 1891, p. 180.    And when these
facts are made to appear to the satisfaction of the court or
jury upon the trial, the landlord is entitled to judgment
for restitution of the premises, and also to judgment de-
claring the forfeiture of such lease or agreement, together
with damages and the rent found due.    In such proceed-
ings counterclaims and offsets are not available.    *Ralph v.
Lomer*, 3 Wash. 401 (28 Pac. 760); *Warburton v. Doble*,
38 Cal. 619; *Kelley v. Teague*, 63 Cal. 68; *McSloy v. Ryan*,

27 Mich. 110; *Abrams v. Watson*, 59 Ala. 524; *People v. Walton*, 2 Thompson & C. 533.

And as, under the statute, all issues of fact must be tried by jury, unless a jury be waived, as in other actions at law, it would seem that purely equitable defenses in such cases were not contemplated by the legislature. But, be that as it may, it would be no defense to this proceeding if it were a fact that a covenant to repair had been actually inserted in the lease in the first instance and had been broken by the appellants prior to the commencement of this proceeding. Violations of such covenants by a landlord will not even authorize an injunction to restrain summary proceedings to dispossess a tenant unlawfully holding over, especially in the absence of a showing of insolvency. *Huff v. Markham*, 70 Ga. 284; 71 Ga. 555.

If the respondent desired a reformation of the lease in question, it should have invoked the equity power of the court for that relief, and applied for an injunction to restrain this proceeding during the pendency of that action. But, even in such cases, equity will not interfere except in extraordinary cases, and where irreparable injury would otherwise result. Where compensatory damages may be recovered in an action at law, there is no occasion for the interference of equity. It may not be improper here to remark that the evidence in the record in this case wholly fails to show that the respondent was entitled to the reformation of the lease as prayed for and granted, or to the money judgment recovered. The testimony, under the most favorable construction, only shows that one of the appellants, Thomas Phillips, said some days prior to the execution of the lease, that the roof of the leased building was in good repair, and he would keep it so. But there is substantially no evidence whatever that either of the appellants ever promised or agreed or understood that a covenant to repair was to be inserted in the lease. In fact,

the testimony of the secretary of the respondent corporation, who testified at the trial, was that he had read the lease before signing it, and knew that it contained no covenant to repair, and did not think it needed such a covenant. Indeed, the lease itself contains a covenant on the part of the respondent to receive the premises as they "now are," and keep the same in good repair, etc. Before a court of equity will decree a reformation of a contract which has been reduced to writing, the evidence of mistake and of the alleged modification must be clear and convincing. Pomeroy, Contracts, § 246; *Wilson v. Deen*, 74 N. Y. 531.

The respondent not having shown any ground for reformation of the lease, it had no right to make repairs at the expense of appellants, and therefore the judgment in its favor for the sum alleged to have been so expended was unjust and unwarranted. It is only in those cases, if any, where a landlord has covenanted to repair, that his failure to do so will authorize his tenant to repair at his expense. *Van Every v. Ogg*, 59 Cal. 563.

Objections are made to the instructions of the court to the jury. Several of them are not applicable to the facts proven; but as most of the matters therein referred to will not arise on a new trial, it is not necessary to discuss them in detail at this time.

The judgment and decree must be reversed, and the cause remanded to the court below for a new trial in accordance with this opinion and the provisions of ch. 96 of the laws of 1891 (Code Proc., tit. 9, ch. 2).

DUNBAR, C. J., and STILES, HOYT and SCOTT, JJ., concur.