[Civ. No. 1010.   First Appellate District.—July 22, 1912.]

## ROBERT S. KNIGHT, Respondent, v. HENRY BLACK, Appellant, and IDA QUINN, Sued as JANE DOE QUINN, Codefendant.

UNLAWFUL DETAINER—BREACH OF COVENANT IN LEASE TO SECURE RENT —CHATTEL MORTGAGE ON FURNISHINGS—CONDITION—CAUSE OF ACTION—DEMURRER PROPERLY OVERRULED.—In an action of unlawful detainer, a complaint which sets forth the breach of a covenant, which by the terms of a lease of a building is made a condition of the lease, requiring security for rent, upon completion of the building, and the complete furnishing of the same, to a cash value of $3,000, by a chattel mortgage on the furnishings in that sum, in default of the meeting of which condition the lessor may, at his option, forfeit the lease, and which alleges such forfeiture and proper demand and refusal, states a cause of action, and a demurrer thereto was properly overruled.

ID.—DISTINCTION BETWEEN CONDITION AND COVENANT.—There is a decided distinction between the creation and effect of a condition and a covenant. A condition is a qualification annexed to an estate, upon the happening of which the estate is enlarged or defeated, and it differs from a covenant, in that it is created by mutual agreement of the parties, and is binding upon both, whereas a covenant is an agreement of the covenantor only. A breach of a condition on which an estate is granted works a forfeiture of the estate, while the breach of a sole agreement of the covenantor is merely ground for the recovery of damages.

ID.—CONSTRUCTION OF CONDITIONS RELATIVE TO FORFEITURE—REAL INTENTION OF PARTIES CONTROLLING.—In the construction of a conveyance or lease, ordinarily, to avoid a forfeiture, conditions will be construed as covenants, when this can reasonably be done; but a covenant, instead of a condition, will never be implied contrary to the real intention of the parties. It is held, in this case, that, though the agreement to provide security for rent is designated in

the lease as a "covenant," it must, in accordance with the expressed intention of the parties, be construed and considered as a "condition," and not a covenant.

ID.—EQUITABLE DEFENSE TO FORFEITURE OF LEASE—SUBSTANTIAL COMPLIANCE WITH SECURITY—OFFER TO DEPOSIT FULL AMOUNT IN COIN. Where the answer to the complaint in unlawful detainer set up, as an equitable defense to the forfeiture of the lease, that defendant had subleased the premises to the codefendant, whose furnishings exceeded the requirement of the lease, and who had agreed to give to defendant a chattel mortgage as security for the rent, which defendant agreed to assign to plaintiff and plaintiff had agreed to accept, but said codefendant in possession broke her contract, rendering exact compliance with the security for rent impossible, and that defendant had sued her in unlawful detainer, but that defendant had offered to plaintiff to deposit gold coin to the full amount of the security, in any bank named by plaintiff, and, upon plaintiff's refusal, tendered the same in court, as security, until such time as the identical security could be given, equity will not, upon such showing of substantial compliance with security, permit the forfeiture of the lease.

ID.—PREJUDICIAL ERROR IN STRIKING OUT EQUITABLE DEFENSE TO FORFEITURE—NATURE OF ACTION INVOLVING EXAMINATION OF EQUITIES. The court erred greatly to the prejudice of the defendant in striking out the answer to the complaint which seeks to have a forfeiture declared. The very nature of the action, involving a forfeiture, appeals to the equity side of the court, and requires "a full examination of all the equities, to the end that exact justice be done." The law abhors a forfeiture, and therefore will ordinarily be satisfied with a substantial compliance with a condition involving a forfeiture when a literal fulfillment is prevented by uncontrollable circumstances.

ID.—TENDER OF FULL COIN AS SECURITY EQUAL TO LITERAL COMPLIANCE. The proffered substitution of gold coin equal in amount to the value of the furniture required to be installed under the lease would have been not only a substantial compliance with the condition, but would have afforded plaintiff security for his rent equal to, if not greater than, that which would have resulted from a literal compliance with the condition as it was written. United States gold coin is not likely to depreciate in value from ordinary wear and tear, as would the furniture of an apartment house, even though repaired and replenished from time to time.

ID.—CROSS-COMPLAINT IN UNLAWFUL DETAINER NOT PERMISSIBLE.—Although the defendant, by way of cross-complaint in the action for unlawful detainer, sought to recover damages against the plaintiff for an alleged constructive eviction by the plaintiff, a demurrer to such cross-complaint was properly sustained, as it is the law in

this state, as well as in other states having similar statutes, that no counterclaim or cross-complaint of any kind is proper or permissible in actions in unlawful detainer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Arthur H. Barendt, and Maurice Gradwohl, for Appellant.

Page, McCutchen & Knight, and Page, McCutchen, Knight & Olney, for Respondent.

LENNON, P. J.—Respondent had judgment in the lower court as the plaintiff in an action in unlawful detainer. The defendant, Henry Black, has appealed from the judgment and from an order denying him a new trial. The points presented upon the appeal relate mainly to the overruling of the defendants' demurrer to the plaintiff's complaint, the sustaining of the plaintiff's demurrer to the defendants' cross-complaint, and the granting of plaintiff's motion to strike out parts of the defendants' answer.

The plaintiff's cause of action is founded substantially upon the following facts:

On November 23, 1908, plaintiff leased to the defendant certain premises in the city and county of San Francisco for a period of ten years from and after the completion of a building which plaintiff agreed to erect upon the premises. The building was completed on the twenty-fifth day of June, 1909, whereupon defendant went into possession under the terms of the lease.

The lease contained some sixteen covenants. Of these an alleged breach of the fourteenth, taken in connection with the sixteenth, was the basis of the plaintiff's cause of action. The fourteenth covenant of the lease reads as follows:

"Fourteenth: It is further understood and agreed by and between the parties hereto that the lessee shall immediately upon completion of the building furnish the same with suitable furniture, bedding and carpets that shall have a cash value of not less than three thousand ($3,000) dollars and shall be

owned by the said lessee free from all liens and encumbrances and upon the completion of said furnishing, and within thirty (30) days after the completion of the demised premises, the said lessee shall execute to the said lessor a note and first chattel mortgage on all said furniture, bedding and carpets for the full sum of three thousand ($3,000) dollars, to secure to said lessor the payment of all rents or other claims arising in favor of said lessor under this lease and during the entire term of same, which chattel mortgage shall be in legal form and shall contain an express covenant that none of said furniture, bedding and carpets shall be removed from said premises during the continuance of this lease and that the said lessee shall at all times keep the same in good order, repair and condition.''

The sixteenth covenant of the lease reads as follows:

''Sixteenth: It is further understood and agreed that all the covenants and agreements of the said lessee herein contained are conditions and that in default of the lessee fulfilling any of same the said lessor may at any time thereafter at his option forfeit this lease, and that in that event any holding thereafter of the said lessee shall be construed to be a tenancy from month to month only, for the same rental payable in the same manner as hereinbefore stated.''

The plaintiff on August 25, 1909, gave the defendants three days' notice in writing in the alternative form as required by subdivision 3 of section 1161 of the Code of Civil Procedure, but the defendant failed either to perform the covenant or to deliver up the possession of the property.

In support of his demurrer, it is the defendant's contention that a covenant to give security for the payment of rent is collateral to the lease it accompanies, and does not run with the land; and that an action in unlawful detainer will not lie for a breach of any covenant which does not come within the technical definition of ''covenants running with the land.''

No authority from this state has been cited to us by the defendant in support of his attempted limitation of the scope and effect of the code section under consideration, and we shall not attempt to follow counsel for the defendant in his discussion of the legal niceties and refinements which distinguish ''covenants running with the land'' from those that do not, but will content ourselves with saying that to hold as he con-

tends would not only be a manifest violation of the plain purpose of the unlawful detainer act of this state, but would not accord with the views of our supreme court as expressed in several actions of unlawful detainer which were sustained solely because of breaches of purely collateral covenants. Thus in the case of *Silva* v. *Campbell*, 84 Cal. 420, [24 Pac. 316], it was said, in effect, that upon the giving of the three days' notice required by subdivisions 2 and 3 of section 1161 of the Code of Civil Procedure, the summary process provided by that section will lie for a failure to perform *any condition* or covenant of the lease or agreement under which the property is held.

In the case of *Kelly* v. *Teague*, 63 Cal. 68, it was expressly held in construing a statute substantially, if not entirely, similar to our present unlawful detainer act, that "the right of action by a landlord against a tenant accrues upon the latter continuing in possession of the demised premises in person or by his subtenant for a neglect or failure to perform *any condition* or covenant of the lease."

To the same effect is the decision in the case of *Schnittger* v. *Rose*, 139 Cal. 656, [73 Pac. 449], which involved the violation of a covenant to manufacture wine upon the demised premises from grapes raised upon the adjoining ranch of the lessor.

The agreement in the present case to provide security for the payment of the rent stipulated in the lease is a condition and not a covenant. There is a decided distinction between the creation and effect of a condition and a covenant. A condition is a qualification annexed to an estate by the grantor, upon the happening of which the estate granted is enlarged or defeated, and it differs from a covenant in this, that it is created by the mutual agreement of the parties and is binding upon both; whereas a covenant is an agreement of the covenantor only.

A breach of a condition upon which an estate is granted works a forfeiture of the estate, while a breach of a covenant is merely ground for the recovery of damages. (*Brown* v. *Chicago N. W. R. R. Co.* (Iowa), 82 N. W. 1003; *Langley* v. *Ross*, 55 Mich. 163, [20 N. W. 886].)

Ordinarily, in order to avoid a forfeiture, conditions in a conveyance will be construed as covenants when this can be

reasonably done, but a covenant instead of a condition will never be implied contrary to the clear intent of the parties. Although designated in the lease as a covenant, the agreement in the present case to give security for the payment of rent must, in accordance with the express intention of the parties, be construed and considered as a condition rather than a covenant (*Kew* v. *Trainor*, 150 Ill. 150, 37 N. E. 223), and as the language of the statute plainly includes and applies to any and every condition embodied in a lease, the question as to what is or what is not "a covenant" running with the land is not involved in the case at bar, and need not now be considered. The demurrer to the complaint was properly overruled.

The defendant by his answer admitted his failure, as charged in the plaintiff's complaint, to comply with the condition of the lease relating to security for the payment of the rent, but set up by way of an equitable defense facts which, if true, tend to show that by reason of circumstances over which the defendant had no control, literal compliance with the condition was temporarily impossible.

In addition, the defendant, upon this phase of the case, pleaded in his answer a tender to plaintiff of other security substantially the same to all intents and purposes as that called for in the lease, and which would have been amply sufficient, if accepted, to protect the plaintiff against any possible loss for nonpayment of rent until such time as the defendant could furnish the identical security called for by the condition of the lease.

In this behalf the defendant's answer in part alleges:

"That defendant, by and with the knowledge and consent of plaintiff, entered into a contract, on or about the twelfth day of July, 1909, for a lease of the premises described in plaintiff's complaint with one Ida Quinn, codefendant herein. That pursuant to said contract said Ida Quinn entered into possession and occupation of said premises on or about the twelfth day of July, 1909, and ever since has been, and now is, in the actual possession and occupation thereof; that immediately thereupon said Ida Quinn purchased carpets and furniture of a cash value of forty-five hundred ($4,500) dollars or thereabouts and installed all of said carpets and furniture in said premises; and it was then and there mutually agreed by and between plaintiff and this defendant that the latter

should assign to plaintiff the promissory note and chattel mortgage on said furniture and carpets given to secure said note which the said Ida Quinn had agreed to execute in favor of defendant, and plaintiff agreed to accept the assignment of said note and mortgage in lieu of the note and mortgage as provided in the lease of said premises from plaintiff to defendant in paragraph I of this answer referred to, and the said Ida Quinn promised to execute said note and chattel mortgage in favor of this defendant, as more fully appears by the said contract of lease with her, copy of which is attached to this amended answer marked. exhibit 'A' and made a part hereof. That ever since the said twelfth day of July, 1909, this defendant has made repeated demands upon said Ida Quinn to carry out the terms of said contract of lease and to execute the promissory note and chattel mortgage in favor of this defendant as therein provided; but said Ida Quinn has willfully and persistently refused to perform any of the terms and conditions of said lease, and has persistently refused; though having the ability so to do, to execute in favor of this defendant the said promissory note and chattel mortgage on the carpets and furniture installed by her in said premises and hereinbefore referred to; that defendant has been obliged to commence, and did commence, and there is now pending in the superior court of the state of California in and for the city and county of San Francisco, an action in unlawful detainer in which this defendant is plaintiff and the said Ida Quinn is defendant, and said action is numbered 27,084; that the object of said action is to recover from her the possession of said premises, so that this defendant may immediately, upon his re-entry into the possession of said promises, fulfill literally the terms of the covenant referred to in plaintiff's complaint.

"That pending the recovery of judgment in said action against said Ida Quinn and for the purpose of protecting plaintiff from loss by reason of the nonfulfillment of the covenant last herein mentioned and compensating him this defendant heretofore, to wit, on or about the twenty-eighth day of August, 1909, that is to say, within three (3) days after the service on him of the notice in paragraph V of plaintiff's complaint mentioned (a copy of which marked exhibit 'B' is attached to said complaint) made, executed and delivered to

plaintiff a promissory note in the sum of three thousand ($3,000) dollars secured by a duly executed and acknowledged first mortgage on real estate of a reasonable value in excess of $6,000, lying, being and situate in the said city and county of San Francisco, and this defendant then and there offered if said security were not sufficient or in form agreeable to plaintiff he would make any reasonable change or would execute in lieu thereof a deed of trust to said property, the condition of said trust being that if this defendant failed to pay all rents or other claims arising in favor of the plaintiff under said lease then the trustee in such deed named should convey to the plaintiff, *cestui que trust* in said deed named, the said property of the reasonable value of upward of $6,000, hereinbefore referred to; that thereafter plaintiff having refused to accept either said mortgage or said deed of trust, defendant offered, in lieu of the note and chattel mortgage in said lease prescribed, to deposit gold coin of the United States to the amount of $3,000 in any bank of the said city and county of San Francisco selected by plaintiff, there to remain as security for the purposes hereinbefore mentioned, and defendant herein hereby expressly tenders the sum of $3,000 gold coin of the United States to plaintiff as security for the performance of the covenant herein referred to, and alleges that he has been ever since the twenty-eighth day of August, 1909, ready, and now is ready, to make said deposit.''

The trial court granted plaintiff's motion to strike out the essential parts of the quoted portion of the defendant's answer, upon the theory, apparently, that a literal compliance with the condition of the lease, notwithstanding that its breach involved a forfeiture, was absolutely essential to the life of the lease and the estate granted thereunder, and that a substantial compliance with the condition could not be pleaded or considered as a valid defense to the action.

This, we think, was error, which subsequently and necessarily resulted in prejudice to the defendant by the exclusion of proffered testimony which would have been material and relevant to the issue presented by this defense.

By this action the plaintiff is seeking to have a forfeiture declared because of the alleged default in a condition of the lease, and although the remedy provided by law for the breach of such a condition is summary in principle and process, never-

theless the very nature of the action, involving, as it does, a forfeiture, appeals to the equity side of the court and in turn requires ''a full examination of all of the equities involved to the end that exact justice be done.'' (*Gray* v. *Maier etc. Brewery,* 2 Cal. App. 653, [84 Pac. 280].)

The law abhors a forfeiture, and therefore will ordinarily be satisfied with a substantial compliance of a condition involving a forfeiture when its literal fulfillment is prevented by uncontrollable circumstances. (Civ. Code, sec. 3275; *Oil Creek Co.* v. *Atlantic etc. Ry. Co.,* 57 Pa. 65; *Steele* v. *Branch,* 40 Cal. 3; Taylor on Landlord and Tenant, sec. 289, p. 355.)

Clearly, the proffered substitution of gold coin equal in amount to the value of the furniture required to be installed by the condition of the lease would have been not only a substantial compliance with the condition, but would have afforded plaintiff security for his rent equal to, if not greater than, that which would have resulted from a literal compliance with the condition as it was written. United States gold coin is not very likely to depreciate in value—at least not from ordinary wear and tear, as would the furniture of an apartment house, even though repaired and replenished from time to time.

Time evidently was not intended by the parties to be the essence of the obligation in suit, and notwithstanding the delay in its literal performance, it is apparent that it was capable of exact and entire compensation. Defendant's offer of substantial performance presumably was made in good faith, and apparently in such a manner as was most likely, under the circumstances, to benefit the plaintiff, and inasmuch as the defendant endeavored by every means within his power to give the exact security called for and in addition offered, in apparent good faith, to protect the payment of the rent due or to become due under the lease by giving security therefor equal to, if not better than, that originally contracted for, equity should not and will not permit a forfeiture. (Jones on Landlord and Tenant, p. 569, sec. 491; *Steele* v. *Branch,* 40 Cal. 3; Civ. Code, secs. 1492–1495.)

The case of *Lundin* v. *Schoeffel,* 167 Mass. 465, [45 N. E. 933], is akin to and very nearly supposes the facts in the case at bar. There, as here, the lessee had failed to give security for the future payment of rent, and in that case the court said:

"If the lessee's failure had been an omission to pay rent promptly as it became due, it is plain that a court of equity might relieve against a forfeiture on this ground, though the omission was even willful. But lessee's failure in this case was merely an omission to pay promptly something which was only useful to the lessor by way of security for the future payment of rent. It was not like a case where the omission caused a person injury or increased the risk to the lessors, as in the case of waste, nonrepair or noninsurance. In such a case a court of equity is not required to refuse relief against a forfeiture, but may look into the circumstances and determine whether on the whole it is just and right that such relief should be granted."

The reasoning of this case applies with equal force and aptness to the facts pleaded by way of an equitable defense in the present case, and it is in line, generally, with the weight of authority bearing upon the subject under discussion.

The defendant by way of cross-complaint sought to recover damages against the plaintiff for an alleged constructive eviction. The trial court sustained plaintiff's demurrer thereto upon the theory that a counterclaim or cross-complaint was not permissible in an action in unlawful detainer. This demurrer, we think, was properly sustained. It is the law in this state and also in other jurisdictions where unlawful detainer statutes are in terms or essentially similar to our own that a counterclaim or cross-complaint of any kind or character is neither proper nor permissible in actions in unlawful detainer. (*Warburton* v. *Doble*, 38 Cal. 619; *Kelly* v. *Teague*, 63 Cal. 68; *Moroney* v. *Helling*, 110 Cal. 219, [42 Pac. 560]; *Ralph* v. *Lomer*, 3 Wash. 401, [28 Pac. 760]; *Phillips* v. *Lodge*, 8 Wash. 529, [36 Pac. 476]; *Owens* v. *Swanton*, 25 Wash. 112, [64 Pac. 921]; *Peterson* v. *Kreuger*, 67 Minn. 449, [70 N. W. 567]; *Abrams* v. *Watson*, 59 Ala. 524; *McSloy* v. *Ryan*, 27 Mich. 110; *Borden* v. *Sackett*, 113 Mass. 214.)

The California cases here cited upon the subject of a counterclaim or cross-complaint in unlawful detainer actions, in each instance rest the decision upon the mere statement of the rule in this behalf without pretending to give the reason for its creation and application. The reason, however, is obviously to be found in the fact that the unlawful detainer act was intended to provide a summary remedy for the restitution

of the possession of premises withheld by tenants in violation of the covenants of their lease, which remedy would be frustrated and rendered wholly inadequate by the interposition of the defenses usually permitted in ordinary cases at law. (*Phillips* v. *Lodge*, 8 Wash. 529, [36 Pac. 476].)

It follows from what has been said that the trial court did not err in sustaining the demurrer to the cross-complaint or in refusing to permit the introduction of testimony to support the allegations of the same. Inasmuch as the judgment must be reversed and the cause sent back for a new trial because of the error of the trial court in striking out the equitable defense pleaded by the answer of the defendant, it is neither necessary nor proper for us to review the evidence and express an opinion as to its sufficiency to support the judgment in so far as it relates to the damages awarded to the plaintiff. The rulings of the trial court rejecting evidence bearing upon the issue of the defendant's offer of a substantial compliance with the condition of the lease are complained of, but as they were made and based upon the erroneous assumption that such a defense could not be properly pleaded and proven, what we have said with reference to the order of the court striking out parts of the defendant's answer applies with equal force to the rulings complained of, and doubtless they will not be repeated upon another trial, with the pleadings restored to their normal condition.

For the reasons stated, the judgment and order appealed from are reversed and the cause remanded to the lower court for a new trial.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 21, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 20, 1912.