[Civ. No. 4667.   First Appellate District, Division Two.—October 22, 1923.]

## GRACE L. SMITH et al., Respondents, v. ALIDA I. WHYERS, Appellant.

[1] LANDLORD AND TENANT — UNLAWFUL DETAINER—PLEADING—CROSS-COMPLAINT—COUNTERCLAIM.—In an action in unlawful detainer for the restitution of premises withheld by tenants in violation of the covenants of their lease they cannot frustrate the extraordinary remedy provided by the statute through the means of a cross-complaint or counterclaim.

[2] ID.—ALLEGED VOID LEASE — POSSESSION — FRAUD—DEFENSE.—The rule that a tenant who while in possession is fraudulently induced to enter into a lease may set up the fraud in an action in unlawful detainer does not apply to a case where the tenant was not in possession at the time the lease was executed but where her only right to possession is the lease which she claims to be void by reason of fraud in its execution.

[3] ID.—FORMER ADJUDICATION—PLEADING—ADMISSIONS OF COUNSEL.—In an action in unlawful detainer to obtain possession of premises held under a lease, where the defendant set up the defense of fraud in the execution of the lease and asked for its rescission, the admissions of counsel that a final judgment existed in another action on the issue of such fraud to the effect that there was none were sufficient as not to direct a reversal in order to require the plaintiffs to plead the former adjudication.

[4] ID.—JUDGMENT.—In such action, the trial court erred in requiring defendant to pay for each day's occupancy of the premises after the date of the judgment awarding restitution of the premises.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Walter Perry Johnson, Judge.   Modified and affirmed.

The facts are stated in the opinion of the court.

Elmer E. Robinson, Frank F. McGrath and Frank A. Duryea for Appellant.

Sullivan & Sullivan and Theo. J. Roche for Respondents.

NOURSE, J.—Plaintiffs commenced this action in unlawful detainer to obtain possession of an apartment house

which the defendant held under a lease from the plaintiffs. The complaint was in the ordinary form demanding restitution of the premises and recovery of the unpaid rent. The defendant answered admitting the lease and setting up a special defense, counterclaim, and cross-complaint, each alleging that she had been fraudulently induced by the plaintiffs to enter into the lease and that she had rescinded it and was then ready to restore everything of value which she had received from the plaintiffs. The plaintiffs demurred to and moved to strike out the cross-complaint and the counterclaim and also moved to strike out all that portion of the answer containing the allegations of fraud on the part of the plaintiffs. All these motions to strike out were granted. The action was thereafter tried and judgment went for the plaintiffs awarding them restitution of the premises, the full amount of the rent found to be due up to the date of the judgment and also the sum of $8⅔ per day for each day's occupancy of the premises after the date of the judgment.

On this appeal the appellant assigns as error the order of the trial court granting respondents' motions to strike out the cross-complaint, counterclaim, and the special defense contained in the answer. It is also urged that the judgment is erroneous in that it did not give to appellant the right to offset against the judgment a deed of trust which had been deposited as security for her payment of the rent, and also that the judgment should not have contained an award for occupancy of the premises by the appellant after the date of the judgment.

On the first point it is argued that both under the Code of Civil Procedure and under the authorities relating to cross-complaints and counterclaims the appellant was authorized to plead both a cross-complaint and a counterclaim in this action in so far as the issue related to the recovery of money by way of unpaid rent. It is unnecessary to discuss the point. It is not a new one. **[1]** The authorities all hold that in an action in unlawful detainer for the restitution of premises withheld by tenants in violation of the covenants of their lease they cannot frustrate the extraordinary remedy provided by the statute through the means of a cross-complaint or counterclaim. (See *Knight* v. *Black*, 19 Cal. App. 518, 527, 528 [126 Pac. 512]; *Arnold* v. *Krigbaum*, 169 Cal. 143 [Ann. Cas. 1916D, 370, 146 Pac. 423].)

What the rule would be if the tenant should relinquish possession and join issue solely on the rent money need not be determined because the appellant here was not satisfied to make that issue, but insisted upon retaining possession throughout the litigation.

Appellant does not seriously argue that she should have been permitted to set up the special defense of fraud, but apparently concedes that she could not defeat respondents' right to immediate possession of the property by withholding the payment of the rents and offsetting her monetary claims against those of the respondents. Reference is made to cases holding that a tenant who while in possession is fraudulently induced to enter into a lease may set up the fraud in an action in unlawful detainer. **[2]** This rule does not apply to a case where the tenant was not in possession at the time the lease was executed but where her only right to possession is the lease which she claims to be void by reason of fraud in its execution. It must be evident that, as the statute prescribing the proceedings in unlawful detainer was intended to provide a summary remedy for the restitution of real property, the very purpose of the statute would be defeated if a defendant who claimed that she entered under a void lease through the fraud of the plaintiff should be permitted to remain in possession under the lease while the validity of the lease was being litigated.

There is some authority to the effect that in a case of this nature a defendant should be permitted to set up equitable defenses by way of answer. (See *Knight* v. *Black,* 19 Cal. App. 518, 525 [126 Pac. 512].) In that case the defense went directly to the issue of forfeiture raised in the complaint. Here the defense was a special plea of rescission of the lease and a claim for damages for fraud in its execution. It is conceded in the briefs that prior to the trial of this action the appellant had commenced an action for rescission based upon the same ground set up in her answer in this case. Judgment had been entered against her adjudging that there was no fraud and no ground for recovery of damages. Though this judgment was not pleaded in this proceeding because it was not deemed to be final at that time, it is now conceded that it has become a final adjudication of the issue of fraud. **[3]** Though it may be true, as urged by appellant, that we should not take notice of this fact in

the absence of a proper pleading, the admissions of counsel are sufficient to satisfy us that we should not reverse the judgment merely to require the respondents to plead a former adjudication.

The further point is made that the trial court erred in rendering judgment for the full amount of unpaid rent and in not allowing appellant to offset the deed of trust which she had deposited as security for the payment of the rent. The only issue before the court as the pleadings stood at the time of the trial was the right to restitution of the premises and the payment of the rent which was then due. If the appellant had asked for an adjustment of the security which had been deposited for the payment of the rent and the court had refused to allow any adjustment, then the question would be properly before this court on appeal. But the issue not having been raised, it is not incumbent upon this court to discuss the academic question as to whether an offset should be allowed in cases of this nature.

[4] The final point has been made that the trial court erred in awarding judgment for each day's occupancy of the premises after the date of judgment. The respondents concede that this award should not have been made. For this reason the judgment is modified by striking out the portion thereof awarding the sum of $8⅔ per day for each day's occupancy of the premises mentioned after the 7th of October, 1921, and as so modified the judgment will stand affirmed, the respondents to recover their costs.

Judgment affirmed as modified.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1923.