[Sac. No. 3416. In Bank.—February 16, 1924.]

P. M. SCHUBERT, Appellant, v. A. A. LOWE, Defendant and Respondent; LENA M. SCHUBERT, Cross-defendant and Appellant.

[1] APPEAL — POINTS NOT PRESENTED IN BRIEFS — CONSIDERATION BY COURT.—Ordinarily where a party has neglected to present a point in his brief he may be precluded from insisting that the court consider the point when deciding the case and from asserting that he has been prejudiced should the court refuse to do so; but no hard-and-fast rule is known which prohibits the court from considering and deciding points of law which may not have been urged and argued in the briefs originally filed if it appears to the court that an important legal principle is necessarily involved in the newly discovered point and that a proper disposition of the case requires a discussion and decision of that point.

[2] UNLAWFUL DETAINER—PLEADING—CROSS-COMPLAINT NOT PERMISSIBLE.—A cross-complaint is not permissible in an action for unlawful detainer, for the reason that the provisions of part 3, title 3, chapter 4 of the Code of Civil Procedure are controlling in the summary proceedings, including unlawful detainer, with which the chapter is concerned; and in so far as that chapter deals with matters of practice, its provisions supersede the rules of practice contained in other portions of the code.

[3] ID.—ORAL AGREEMENT TO EXECUTE LEASE—EQUITABLE DEFENSE—SPECIFIC PERFORMANCE—POWER OF COURT.—In an action of unlawful detainer, while the defendant is not entitled under a cross-complaint to a judgment decreeing specific performance of an

---

3. Continuance of existing possession of land as constituting part performance sufficient to satisfy statute of frauds, note, 9 Ann. Cas. 135.

agreement to execute a lease, nevertheless the part performance of such an agreement can be interposed as an equitable defense to the plaintiff's attempt to wrest from him the possession of the premises by the summary proceedings in unlawful detainer;. in other words, the fact that the defendant cannot obtain specific performance of an oral agreement to execute a lease does not deprive him of the right to have the court examine into the equities existing between the parties in determining whether or not the plaintiff is entitled to evict the defendant.

[4] STATUTE OF FRAUDS—ORAL AGREEMENT TO EXECUTE LEASE—PART PERFORMANCE.—Part performance of an oral agreement to execute a lease for a longer period than a year may take the case out of the operation of the statute of frauds.

[5] UNLAWFUL DETAINER—PLEADING—ORAL AGREEMENT TO EXECUTE LEASE—ISSUES—FINDINGS—ABSENCE OF PREJUDICE.—In an action of unlawful detainer, where the defendant's cross-complaint for specific performance of an agreement to execute a lease sufficiently presented such agreement as an equitable right in defendant's favor, and the issue was considered, tried, and found upon by the trial court (the trial court having the power to examine into the partial performance of the oral agreement to execute the lease as an equitable defense to the attempt at eviction), the mere error in the matter of pleadings did not result in a miscarriage of justice or prejudice the plaintiff, and, therefore, a new trial is not necessary to determine the rights of the parties.

[6] HUSBAND AND WIFE—LEASE OF COMMUNITY PROPERTY—OPERATION OF SECTION 172A, CIVIL CODE.—Section 172a of the Civil Code, requiring a wife to join with her husband in a lease of community property, applies only to community property acquired subsequent to the adoption of that code section.

[7] UNLAWFUL DETAINER—ORAL AGREEMENT TO LEASE—ABSENCE OF AGREEMENT BY WIFE—APPEAL—PRESUMPTIONS—JUDGMENTS.—In an action of unlawful detainer of premises constituting property, the trial court having found in favor of the defense that plaintiff agreed to execute a lease to said premises and having further found that plaintiff's wife did not agree to execute said lease, and the appeal being upon the judgment-roll alone, it will be assumed in support of the judgment that the evidence showed that the property was acquired before section 172a of the Civil Code became part of the laws of this state.

APPEAL from a judgment of the Superior Court of Madera County. Stanley Murray, Judge. Reversed in part; affirmed in part.

4. Part performance under parol lease to satisfy the statute of frauds, note, 49 L. R. A. (N. S.) 113.

The facts are stated in the opinion of the court.

Barcroft & Barcroft, and Lindsay & Conley for Appellants.

Fee & Ring for Respondent.

LENNON, J.—This action in unlawful detainer was instituted by the plaintiff for the purpose of recovering from the defendant the possession of certain real property in the city of Madera. It was alleged that defendant had occupied the premises under a tenancy from month to month; that the tenancy had been terminated and possession of the premises demanded by plaintiff in accordance with the provisions of section 789 of the Civil Code and section 1161 of the Code of Civil Procedure, and that the defendant refused to surrender the premises and was holding the same without plaintiff's permission or consent. The defendant by his answer denied that the property in suit was occupied under a month to month tenancy, and then, by way of cross-complaint, proceeded to allege a cause of action for specific performance of an alleged partially executed parol agreement. In this behalf the cross-complaint alleged, in substance, that plaintiff and defendant had entered into an oral agreement whereby plaintiff had agreed to execute a written lease to the premises in suit containing certain terms, specifically set forth in the cross-complaint, and that the defendant entered into possession of the premises pursuant to and upon the understanding and belief that the plaintiff would execute the lease agreed upon, but that plaintiff refused to do so. The property was alleged to be community property and plaintiff's wife was joined as a cross-defendant. The court overruled a general demurrer to the cross-complaint, found against the plaintiff on the issues raised by the pleadings, and rendered judgment for the defendant and cross-complainant, decreeing specific performance by plaintiff of the agreement to execute the lease and appointing a commissioner to perform in the event of plaintiff's refusal. The appeal is taken upon the judgment-roll alone.

The paramount point presented in support of the appeal is that a cross-complaint of any kind is inadmissible in an

action of unlawful detainer. **[1]** Preliminarily, counsel for defendant interposed an objection to a consideration of the point just stated for the reason that it was first raised upon oral argument when the appeal was heard in the first instance before the district court of appeal. In response to this objection it will suffice to say that ordinarily where a party has neglected to present a point in his brief he may be precluded from insisting that the court consider the point when deciding the case and from asserting that he has been prejudiced should the court refuse to do so. However, we know of no hard-and-fast rule which prohibits the court from considering and deciding points of law which may not have been urged and argued in the briefs originally filed if it appears to the court that an important legal principle is necessarily involved in the newly discovered point and that a proper disposition of the case requires a discussion and decision of that point. But, however that may be, it appears in the instant case that after the oral argument the point in controversy was fully briefed, and we are satisfied that the defendant will in no way be prejudiced by a consideration of the point which we deem to be necessary to a decision.

In *Arnold* v. *Krigbaum*, 169 Cal. 143 [Ann. Cas. 1916D, 370, 146 Pac. 423], this court said: "It appears to be thoroughly established both in this state and in other jurisdictions having substantially similar statutes to our unlawful detainer statutes, that neither a counterclaim nor cross-complaint of any kind is permissible in an action in unlawful detainer. This question was discussed by the District Court of Appeal of the First District in the recent case of *Knight* v. *Black*, 19 Cal. App. 518 [126 Pac. 512], where many authorities bearing directly upon the point are cited." (See, also, *Smith* v. *Whyers*, 64 Cal. App. 193 [221 Pac. 387].) "There is no distinction in the authorities between cases where the subject matter of the attempted counterclaim or cross-complaint arises out of a violation of the terms of the lease upon which the *notice* is brought and other cases." **[2]** A cross-complaint is not permissible in an action for unlawful detainer for the reason that the provisions of part 3, title 3, chapter 4 of the Code of Civil Procedure are controlling in the summary proceedings, including unlawful detainer, with which the chapter is concerned.

In so far as that chapter deals with matters of practice, its provisions supersede the rules of practice contained in other portions of the code. (Secs. 1165 and 1177, Code Civ. Proc.) The chapter above mentioned prescribes the showing which must be made in a complaint in unlawful detainer and then makes provision for pleadings on the part of the defendant. It provides: "On or before the day fixed for his appearance, the defendant may appear and answer or demur." (Sec. 1170, Code Civ. Proc.) The section limits the defendant to an answer or demurrer. Obviously, therefore, a cross-complaint is inadmissible in an action in unlawful detainer.

[3] While the defendant was not entitled to a judgment in the present proceedings decreeing specific performance of the agreement to execute the lease, nevertheless the part performance of such an agreement can be interposed as an equitable defense to the plaintiff's attempt to wrest from him the possession of the premises by the summary proceedings in unlawful detainer. In the case of *Gray* v. *Maier, etc.,* 2 Cal. App. 653 [84 Pac. 280], the court, referring to the right to set up defenses of an equitable nature in such actions, had this to say: "The power of a court of equity is invoked by plaintiff in every action in forcible detainer, when he seeks in his complaint to have a forfeiture declared on account of default in conditions of the lease. . . . If such an equitable power is in a court in cases of this class, of which we have no doubt, no reason is apparent why such equitable power may not be extended into a full examination of all the equities involved, to the end that exact justice may be done." In the case of *Knight* v. *Black, supra,* it was held error on the part of the trial court to strike out the equitable defense there pleaded by the defendant in his answer. In other words, the fact that the defendant cannot obtain specific performance of an oral agreement to execute a lease does not deprive him of the right to have the court examine into the equities existing between the parties in determining whether or not the plaintiff is entitled to evict the defendant. [4] It is a well-recognized rule of equity that part performance of an oral agreement to execute a lease for a longer period than a year may take the case out of the operation of the statute of frauds. (*McCarger* v. *Rood,* 47 Cal. 138; *Manning* v. *Franklin,* 81

Cal. 205 [22 Pac. 550] ; *Laughton* v. *McDonald,* 61 Cal. App. 678 [215 Pac. 707].) **[5]** It was, therefore, proper for the defendant to raise, and for the court to consider, the occupation of the premises under the oral agreement to lease, as an equitable defense to the action to recover possession of the property. While defendant's pleading was called a cross-complaint for specific performance, and as such was perhaps defective in that it failed to state facts showing that the consideration for the lease was adequate, nevertheless it sufficiently presented the agreement to execute the lease as an equitable right in defendant's favor. It set forth defendant's case with more particularity than a simple answer would have been required to do. The issue apparently was considered and carefully tried and the court has made detailed findings thereon. We are, therefore, of the opinion that plaintiff has not been prejudiced and, under the circumstances, the mere error in the matter of pleadings has not resulted in a miscarriage of justice, and a new trial is not necessary to determine the rights of the parties. **[6]** Plaintiff points to the fact that the court found that plaintiff's wife did not agree to execute a lease to the premises. This finding is immaterial, for the reason that section 172a of the Civil Code, requiring a wife to join with her husband in a lease of community property, applies only to community property acquired subsequent to the adoption of that code section. (*Spreckels* v. *Spreckels,* 116 Cal. 339 [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228] ; *Roberts* v. *Wehmeyer,* 191 Cal. 601 [218 Pac. 22].) **[7]** The appeal being before the court upon the judgment-roll alone, it must be assumed in support of the judgment that the evidence showed that the property was acquired before section 172a became part of the laws of this state.

We conclude, therefore, that the trial court was not authorized in this action of unlawful detainer to decree specific performance of the agreement to execute a written lease, but that the court had power to examine into the partial performance of the oral agreement to execute the lease as an equitable defense to the attempt at eviction, and that the court having found in favor of the defendant upon this issue, a new trial is unnecessary.

It is ordered, therefore, that that portion of the judgment decreeing specific performance of the agreement to execute

the lease be vacated and set aside and that the remainder of the judgment stand affirmed.

Wilbur, C. J., Waste, J., Myers, J., Seawell, J., and Lawlor, J., concurred.