[Civ. No. 3019. Third Appellate District.—February 5, 1926.]

## CITY OF MARYSVILLE (a Municipal Corporation), Respondent, v. E. A. POOLE, Appellant.

[1] LANDLORD AND TENANT—UNLAWFUL DETAINER—MUNICIPAL CORPORATIONS—LEASES—EQUITABLE DEFENSES—PLEADING.—In an action of unlawful detainer brought by a city, where the defendant had been in possession of the premises under a lease from the city which expired by its own terms, and the city notified the defendant that no additional lease would be executed, an equitable defense based upon a provision in the expired lease that in the event the city required the premises for municipal purposes all growing crops should be permitted to remain thereon until maturity and harvest, not exceeding in any case one year from the giving of notice of termination of the lease, is not available to defendant.

---

(1) 36 C. J., p. 616, n. 73, p. 627, n. 82, 85, p. 648, n. 88; 31 Cyc., p. 637, n. 7.

APPEAL from a judgment of the Superior Court of Yuba County. E. P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. E. Davies for Appellant.

W. P. Rich for Respondent.

PLUMMER, J.—Action for unlawful detainer. Plaintiff had judgment and defendant appeals. It appears from the record that from year to year the plaintiff had leased to the

defendant by written lease certain premises belonging to the City of Marysville, in the county of Yuba; that on or about the thirteenth day of March, 1924, the City of Marysville executed and delivered to the appellant a written lease, under the terms of which plaintiff let and leased to the appellant certain real property from the thirteenth day of March, 1924, to and including the twenty-eighth day of February, 1925. The lease was executed by the mayor and city clerk of the City of Marysville and by the appellant. The property was occupied by the appellant under the terms of said lease. Prior to the twenty-eighth day of February, 1925, the appellant asked the mayor and city council of Marysville for a new lease, but was informed that the city would not lease the property for any further period of time, and the city clerk of the City of Marysville, in writing, notified the defendant that the city would not lease said premises for any further period of time after the expiration of said lease, which would occur on the twenty-eighth day of February, 1925, as before stated. The appellant, however, continued to hold possession of the property. Thereafter, and on or about the fifteenth day of April, 1925, the plaintiff served a formal demand upon the defendant to deliver up and surrender the possession of said premises. This the defendant failed to do. Hence this action.

[1] The defendant set forth in his answer by way of equitable defense that for some fifteen years previously the defendant had continuously occupied the premises in question under a lease made from year to year; that in all the leases there was a provision that in event the plaintiff required the land for municipal purposes all growing crops should be permitted to remain thereon until maturity and harvest, not exceeding in any case one year from the giving of notice of termination of lease; that the defendant thereafter alleges that the said lands are not· required for municipal purposes and that no notice of termination of said lease for said reason has been served upon this defendant; that a crop of barley and alfalfa was growing on said land and defendant had expended large sums of money in clearing said lands and would not have expended moneys in improving the same or sown said crops but for such understanding between plaintiff and defendant, and that said defendant

should remain in possession until said lands were required by plaintiff for municipal purposes. This allegation was stricken out upon motion. The defendant and appellant assigns this as error, and cites the case of *Arnold* v. *Krigbaum,* 169 Cal. 143 [Ann. Cas. 1916D, 370, 146 Pac. 423]; *Knight* v. *Black,* 19 Cal. App. 518 [126 Pac. 512]; *Schubert* v. *Lowe,* 193 Cal. 291 [223 Pac. 551]. These cases, however, are not applicable, because this is not an attempt to forfeit a lease on account of condition broken, but is simply a case where a lease has expired and the lessee notified prior to the expiration of the lease that it would not be extended, and that no further lease for the property in question would be executed.. The lease under which the defendant was holding and under which the equitable defense was attempted to be set up did contain provisions relating to the right of the defendant to remove improvements and crops in the event that the lessor should desire to terminate the lease prior to the expiration of the specified term thereof. The language of the lease is (referring to the city) : ''Shall have the right to at once terminate this lease and declare the same to be null and void and that the said party of the first part shall be the sole judge thereof through the Mayor and City Council . . . provided that the party of the second part shall in case of such termination of this lease be allowed 60 days from and after notice of the same within which to remove any buildings, fences, or improvements, etc., and also all growing crops at maturity not exceeding in any case one year from the giving of such notice.'' Nothing of the kind was attempted in this case. The lease expired by its own terms, of which the appellant had notice, and he also had notice that no additional lease would be executed. The findings of the court in favor of the plaintiff appear to be supported by sufficient testimony. The judgment of the trial court is therefore affirmed.

Hart, J., and Finch, P. J., concurred.