[No. 5837.]

## ALEX. WEIL v. N. C. JONES ET AL.

INTERPRETATION OF CONTRACTS.—Where the parties to a contract used the word "rescind" when it was evident they meant "cancel": *held*, that the word should be interpreted to mean *cancel*.

SAME—TIME OF PERFORMANCE.—A provision that a party may, at the end of ninety days after an event, employ powers which, except for the provision, he could employ immediately after the happening of the event, means that he shall not employ them during the ninety days.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

The action was brought to enforce the terms of a contract for the purchase of land, made by the defendant Jones, with the plaintiff. The contract was dated February 17th, 1875, and it provided for the payment of the purchase-price in installments—thirty thousand dollars down, seventeen thousand five hundred dollars in three years, seventeen thousand five hundred dollars in two years, and five thousand dollars in one year, with interest on deferred payments at the rate of ten per cent.—and that, in case default should be made by the defendant Jones in any of the payments for the space of ninety days after it became due, the plaintiff should have the right, at his option, to "*rescind*" the agreement to convey and repossess the land, and that the defendant should forfeit all payments previously made. The defendant paid the first installment of thirty thoussand dollars, but when the five thousand dollars became due, at the end of the first year, he failed to pay it, together with the interest due. The plaintiff, by his attorney-in-fact, Eugene Meyer, brought this action, on the 26th day of February, 1876, being less than ninety days after the money became due. The plaintiff had judgment, and the defendant appealed.

*Latimer, Morrow & Proffatt, Smith & Stephens,* and *Brunson, Eastman & Graves,* for Appellant.

*Glassell, Chapman & Smiths,* for Respondent.

By the COURT:

The decision of this case depends upon the construction of a portion of one of the agreements annexed to the complaint, which reads as follows:

" If default shall be made in any of the above payments * * * for the space of ninety days after the same shall become due, then it shall be lawful for the party of the first part * * * at his option and discretion, at once to *rescind this agreement* to convey, and to reënter upon and repossess said premises, * * * and in such case all payments theretofore made shall be retained by the party of the first part as compensation and liquidated damages for the previous use, enjoyment, and occupation of the premises by the party of the second part."

The effect of a *rescission* would have been to restore the *status quo ;* the party of the first part would have been entitled to the possession of the premises, the party of the second part to a restoration of the moneys he had paid.

It is apparent that the words " to rescind " are not employed in their usual or proper sense, because they are followed by a statement that the party of the first part shall *retain* the moneys paid. In its legal effect, the stipulation is for the benefit of the party of the second part. If the stipulation were not in the agreement, the plaintiff would succeed to the right to reënter immediately on the failure of the second party to make a payment—subject, of course, to the right of the party of the second part to a specific performance, no inexcusable delay occurring. This right to specific performance might continue after the expiration of the period named, the only effect of the stipulation in respect to that matter being that it constituted an agreement that *time should not be considered of the essence* of the contract during the ninety days.

A provision that a party may at the end of ninety days after an event employ powers which, except for the provision, he could employ immediately on the happening of the event, means nothing unless it means that he *shall not* employ them during the ninety days.

The present action was commenced less than ninety days after the default of defendant Jones. The plaintiff has obtained a decree restoring him to the possession of the land, and forfeit-. ing to him the payments already made by the said defendant. Both these are consequences which the agreement provides shall *only* follow a failure to pay for ninety days after a payment shall become due.

Judgment reversed.