[Civ. No. 124.   Second Appellate District.—January 3, 1906.]

HARRY GRAY et al., Appellants, v. MAIER & ZOBELEIN BREWERY et al., Respondents.

LANDLORD AND TENANT—CONSTRUCTION OF LEASE—OPTION TO RENEW—OBVIOUS CLERICAL ERROR—PURCHASERS PUT UPON INQUIRY.—A lease for two years giving an option to renew, at expiration of the term, to "the party of the first part," who was the lessor, can literally have no meaning or effect, and is so obviously a clerical error, and so plainly intended to give the option to renew to the lessee, who was "the party of the second part," as to put purchasers from the landlord upon inquiry as to the tenant's right to renew, and to bind them by equities existing in favor of the tenant who was known to be in possession when the title was acquired.

ID.—NOTICE OF REASONABLE CONSTRUCTION OF INSTRUMENT.—Though the record of an instrument imparts no constructive notice of a mistake, yet the instrument imparts such notice as a fair and reasonable construction thereof would indicate as the meaning of the terms employed, and which is required to give it effect as a contract. The parties being bound by the obvious intent of the in-

strument, anyone dealing with the subject matter whose interests are affected and controlled by the instrument should be subject to a like reading.

Id.—DUTY OF PARTIES READING LEASE—PRELIMINARY ACTION NOT NECESSARY.—The same duty devolves upon the parties in reading the lease as upon the court in considering it; and no necessity of any action rests upon either party as preliminary to the exercise of their rights under it.

Id.—RIGHTS NOT IMPAIRED BY DELAY—GLARING DEFECT—MUTUAL ERROR.—No delay in calling attention to the mistake in the lease by either party would impair their rights; and the fact that the defect therein was so glaring as to suggest the error would establish the mutual character of the error.

Id.—UNLAWFUL DETAINER—ACTION BY GRANTEES—EFFECT GIVEN TO LEASE—REFORMATION—EQUITABLE POWER OF COURT—DECREE AFFIRMED.—In an action by grantees of the landlord against the tenant and subtenant for unlawful detainer, effect will be given to the lease reasonably construed, however clumsily it may be worded, and a resort need not be had to a court of equity to reform the contract; but the undoubted equitable power of the court in such action to relieve the tenant from a forfeiture, it seems, may properly be extended to a full examination of all the equities involved to the end that full justice may be done; and a finding as to the true intent of the lease, and a decree ordering it to be corrected accordingly will be affirmed.

Id.—FORFEITURE—CONDITION AGAINST SUBLETTING—ACQUIESCENCE—SUPPORT OF FINDING—WAIVER.—A claim by such grantees of a forfeiture of the lease for breach of a condition against subletting is sufficiently answered by evidence sufficient to support a finding that both the landlord and the grantees knew of the subletting and acquiesced therein, and received rent with such knowledge; and the effect thereof is a waiver of any rights theretofore existing on account of such violation of the obligation.

Id.—CONTRACT FOR RENEWAL OF LEASE—NOTICE OF RENEWAL NECESSARY.—The legal effect of the language of the lease, properly interpreted as giving the option to renew it, at the termination of the lease to the lessee as second party, was a contract for a renewal and not an extension of the lease; and a notice was requisite to entitle the lessee to such renewal.

Id.—TIME FOR GIVING NOTICE—TERMINATION OF LEASE—FRACTION OF DAY DISREGARDED.—The law disregards fractions of a day in giving notice; and where the lease expired at midnight of September 30th, a notice of the renewal of the lease given on October 1st would be deemed effective as of the first moment of that day, and was given strictly at the termination of the lease as required by its terms.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Percy R. Wilson, and Denis & Loewenthal, for Appellants.

Anderson & Anderson, and Edward F. Wehrle, for Respondents.

ALLEN, J.—Proceedings in unlawful detainer. Judgment for defendants, from which, and an order denying a new trial, plaintiffs appeal.

It appears from the record that plaintiffs' predecessor in title, as party of the first part, on September 28, 1901, executed to defendants a lease for the premises described for the term of two years, commencing on the first day of October, 1901, and ending on the first day of October, 1903; which lease contained a clause that the second party should not let or underlet the whole or any part of the premises without the consent of the first party, and a further provision that, at the expiration of the lease, the party of the "first part" should have the privilege of leasing the said premises for a further term of one year, commencing on the first day of October, 1903, and ending on the first day of October, 1904. The court finds that defendants sublet said premises shortly after the commencement of the term, which was known to plaintiffs' grantor and acquiesced in by her thereafter until she transferred the same to plaintiffs; that plaintiffs' predecessor in interest and plaintiffs at all times acquiesced therein and received rent, knowing of such subtenancy. Before the 1st of October, 1903, plaintiffs served notice upon defendants that they would not exercise the option of leasing the premises for another year, and demanded possession at the expiration of such lease. On October 1, 1903, defendants notified plaintiffs in writing of their election to hold said premises for a year, commencing October 1, 1903. Afterward plaintiffs served another notice, claiming possession on account of such subletting, followed by a three-day notice to quit. The court, in its final

judgment, found that the words "first party," used in said lease in connection with the option, were inadvertently used, and the words "second party" were intended; and ordered that said lease be corrected accordingly, and gave judgment for defendants.

The first contention of appellants is that the mistake was not shown to be mutual; and further, that defendants had knowledge thereof for nearly two years, and that such mistake is not available as against the plaintiffs; and further, that a defense based upon such mistake could not be set up in a special proceeding. A most casual reading of the lease will demonstrate that an error was made in the designation of the parties to whom the option was granted. Reading the lease literally, it sought to confer an optional right upon the first party which she possessed under all circumstances; one needs no optional or other contract right to confer the privilege to grant a lease of his own. In addition, the right "to lease" by the ordinarily accepted meaning of terms is unto the lessee. The owner or first party grants the lease, lets or demises the leased premises and it is the second party who leases. These considerations would lead anyone examining the lease to see at once that the intention was to grant an optional right to the second party, and that the word "first" was an error of the scrivener. Assuming this proposition, then, appellants and their predecessor, when acquiring this property, were bound by all of the equities existing between the vendors and the tenants, and, having knowledge of a tenant's possession, to act upon the inquiry suggested thereby and ascertain the tenant's rights and equities. (*Security etc. Co.* v. *Willamette etc. Co.*, 99 Cal. 641, [34 Pac. 321].) It is true that the record is not constructive notice of a mistake. (*Davis* v. *Ward*, 109 Cal. 189, [50 Am. St. Rep. 29, 41 Pac. 1010].) And it is also true that an examination of the original lease of itself imparted no notice other than that which would be imparted by a record had it been recorded. But an instrument, in either event, imparts such notice as a fair and reasonable construction thereof would indicate as the meaning of the terms employed. The strictness of the rule announced in *Davis* v. *Ward, supra,* should be relaxed in cases where the mistake is so obvious that the actual intent may be gathered from the instrument imparting notice. The lease in this case

was so worded as to put the purchaser upon inquiry in reference to the true meaning and intent.   That an option to lease for another year was the subject of the contract is evident; that to give such option to the first party would be meaningless.   To give it effect as a contract, therefore, it would necessarily follow that the intention was to give the option to the party who alone could be affected in his status with relation to the property by such option.   "It is not the practice of courts of justice to devest persons of their estates . . . by a strict interpretation of the language of an instrument, when the sense in which the words were used is apparent from other portions of the.instrument, viewed in the light of attending facts.   To ascertain the real intention of the parties, we view the whole contract and all of its provisions, together with the relations of the parties toward each other . . . and effect will be given to the intent thus ascertained, however clumsily the instrument may be worded" (*Sprague* v. *Edwards,* 48 Cal. 249) , "and will be so read in an action at law, and resort need not be had to a court of equity for reformation." (*Sprague* v. *Edwards, supra.*   See, also, *Weil* v. *Jones,* 53 Cal. 46.)   These cases last cited were dealing with mistakes where the rights of the original contracting parties only were involved; yet it seems to us that all parties to a contract, in its examination as to rights thereunder, being bound by the obvious intent made evident by the instrument, anyone dealing with the subject matter whose interests are affected and controlled by the instrument should be subject to the effect of a like reading.   That which is a duty devolving upon the court when considering a contract should be a duty devolving upon the parties when performing a like act.   If, therefore, this duty was upon the parties in reading this lease, there was no necessity for any action upon the part of either party as preliminary to the exercise of their rights, and no delay in calling attention to the mistake by either would impair rights; and the fact that the defect was so glaring of itself as to suggest the error would establish the mutual character of the error.

Entertaining these views, it is unnecessary to notice the specifications of error in relation to the action of the court in a special proceeding reforming an instrument.   It may be said, however, in passing this point—which is an open question

2 Cal. App.—42

in this state—that the power of a court of equity is invoked by plaintiff in every action in forcible detainer, when he seeks in his complaint to have a forfeiture declared on account of default in conditions of the lease. In this case, a forfeiture is sought on account of a default in the subletting condition. If such an equitable power is in a court in cases of this class, of which we have no doubt, no reason is apparent why such equitable power may not be extended into a full examination of all the equities involved, to the end that exact justice be done. In relation to the claim of appellants that the lease had been forfeited by a violation of the obligation not to sublet, it is sufficient to say that the court has found that all parties knew of the subletting and acquiesced therein, and received rent with such knowledge. There is some testimony in the record which supports this finding even as to the plaintiffs, and such findings, therefore, cannot be disturbed by us; and the effect thereof is a waiver of any rights theretofore existing on account of such violation of the obligation.

The remaining point necessary for consideration presented by appellants is that the language in the lease, giving it the effect of extending the option to the second party, was a contract for a renewal and not an extension of the lease. With this contention we agree. The proposition seems to be determined in *Shamp* v. *White*, 106 Cal. 222, [39 Pac. 537], which, being accepted, signifies that notice is requisite to entitle the lessee to such renewal. Appellants insist that such notice being requisite, the original lease, being in terms for two years, fixes the tenure, notwithstanding the specified dates given as the commencement and ending, which are, in effect, two years and one day. We think that the determination of this matter is not necessary. The lease provides that at the termination of the lease the option should be exercised. The notice was given October 1st. The original lease, even upon appellant's theory, expired at midnight of September 30th. The notice given on the 1st of October was at the termination. The law knows no parts of a day, and will consider the notice given on that day as being operative the entire day, which would give the notice effect the first moment of the first day of October, which was the precise time of the expiration of the old lease; and the notice, therefore, was strictly in accord with the terms of the lease.

Notwithstanding the very able presentation by counsel of the points involved, we are constrained to the opinion that no error is apparent in the record, and that the judgment and order appealed from should be affirmed; and it is so ordered.

Gray, P. J., and Smith, J., concurred.