[Civ. No. 555.  First Appellate District.—February 4, 1909.]

## HELEN E. COWELL, Respondent, v. A. W. LINFORTH et al., Defendants. MONARCH INVESTMENT COMPANY, Appellant.

UNLAWFUL DETAINER—DEFAULT IN PAYMENT OF RENT—PLEADING— SERVICE OF NOTICE—ULTIMATE FACT—DETAILS NOT REQUIRED—EXHIBIT.—In an action of unlawful detainer for holding over without permission after default in the payment of rent, a complaint alleging the amount of rent due and unpaid, and service upon each of the defendants of a notice in writing requiring payment of the sum due, or possession of the property, which notice is attached to the complaint as an exhibit and made part of the complaint, and is in proper form, and signed by plaintiff by her attorney in fact, sufficiently alleges the ultimate fact of service of the notice. It was not required to allege special details of the mode of service, nor the authority conferred upon the agent.

ID.—MATTER OF PROOF—MODE OF SERVICE—AGENCY.—The complaint was sufficient to sustain matter of proof, showing in detail whether the service was personal upon each defendant, or was made by leaving a copy on the premises with a person of suitable age and discretion, or was made by affixing a copy in a conspicuous place on the property and delivering a copy to a person on the premises, as authorized by the terms of section 1162 of the Code of Civil Procedure; and also to support proof that the notice was given by the plaintiff, or by someone authorized by her.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Joseph E. Bien, for Appellant.

Olney & Mannon, for Respondent.

COOPER, P. J.—This is an appeal by the Monarch Investment Company, one of the defendants, from the judgment on the judgment-roll alone. The action is one in unlawful detainer against a tenant for holding over without the landlord's permission after default in the payment of rent and three days' notice in writing requiring its payment.

The sole point made by appellant is that the special demurrer to the plaintiff's complaint should have been sustained, for the alleged reason that the complaint does not show the manner in which the service of the notice was made, nor that it was made by the plaintiff or by anyone authorized by her to make such service.

The allegation in the complaint is, "that on the fifteenth day of January, 1908, a notice in writing requiring the payment of the rent due under said lease, stating the amount then due thereunder, to wit, $2,700.00, or possession of the property hereinbefore described, was served upon the defendants A. W. Linforth, Monarch Investment Company, a corporation. . . ." It is further alleged that a copy of the notice so served is annexed to the complaint, marked "Exhibit A," and made a part thereof. The notice, which is admitted to be in proper form, describes the property, and is signed "Helen E. Cowell, by W. H. George, Attorney in fact." It was only necessary for the plaintiff to allege that she served notice in writing upon defendant, or that notice in writing was served upon defendant, and prove that she served it or had it served. The statute (Code Civ. Proc., sec. 1162) provides three different methods of serving notice, and the plaintiff was only required to allege the ultimate fact, to wit, that she did serve notice. The evidence, of course, in such case would have to show that notice had been served, but it was not necessary to inform the defendant minutely as to every detail of the manner in which the notice was served. And so as to the authority of the agent

who gave the notice, it was necessary that the notice be given by plaintiff or by someone authorized by her.

The judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.