[Civ. No. 2278. First Appellate District.—June 17, 1918.]

PIERRE ZUCCO et ux., Respondents, v. TOMMASO FARULLO, Appellant.

APPEAL — DEFAULT JUDGMENT — MISJOINDER OF CAUSES OF ACTION.— Upon an appeal upon the judgment-roll from a default judgment, the appellate court will not consider the question of misjoinder of causes of action in the manner it would if a demurrer had been filed in the case upon that ground.

ID.—SUFFICIENCY OF PLEADING.—If a complaint states a cause of action sufficient as against a general demurrer to sustain the relief actually given in the judgment, it will not be held invalid because it also states facts authorizing other relief.

UNLAWFUL DETAINER — DEFAULT JUDGMENT — MISJOINDER OF OTHER CAUSES OF ACTION—INSUFFICIENT GROUND FOR REVERSAL OF JUDGMENT.—Upon an appeal from a default judgment in an action in unlawful detainer, the court will not reverse the judgment because of an attempt to unite other causes of action with that of unlawful

detainer, where the complaint states a cause of action in unlawful detainer.

ID.—REFORMATION OF LEASE—DEFAULT JUDGMENT BASED UPON THREE-DAY SUMMONS NOT VOID.—A default judgment in an action in unlawful detainer predicated on a three-day summons is not void because a reformation of the lease was also asked in the complaint, since the court had the right to construe the lease to determine its true meaning, reformation being immaterial.

ID.—EFFECT OF DEFAULT JUDGMENT.—A default judgment in an action in unlawful detainer, entered without findings, must be taken to have established all the facts aptly pleaded in the complaint.

ID.—NOTICE TO QUIT—PERFORMANCE OF COVENANTS.—A notice to quit for nonperformance of covenants in a lease need not demand a performance of a covenant to take care of trees, cultivate the ground, or furnish the landlord vegetables, since such covenants could not afterward be performed.

ID.—COMMISSION OF WASTE—DEMAND OF PERFORMANCE.—Where a tenant has committed waste, a notice to quit need not demand performance of the covenants against committing waste, in view of section 1161, subdivision 4, of the Code of Civil Procedure.

ID.—REASON FOR TERMINATING LEASE.—A notice to quit for failure to perform covenants in a lease need not state the reason for terminating the lease.

ID.—PLEADING.—In an action in unlawful detainer, the complaint need not set out in full the notice to quit, it being sufficient to allege its legal effect.

ID.—SERVICE OF NOTICE.—In an action in unlawful detainer, plaintiff need only allege that he served notice in writing, on defendant, or that notice in writing was served.

APPEAL from a judgment of the Superior Court of Contra Costa County.  R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

J. E. White, and R. N. Wolfe, for Appellant.

Titus, Creed, Jones & Dall, and W. K. Powell, for Respondents.

BEASLY, J., *pro tem.*—This is an action primarily of unlawful detainer, in which the defendant defaulted, and judgment was thereupon taken against him for the possession of the premises demanded and for damages, and for some other relief hereinafter noticed.  He appeals from this judgment,

and makes three points for reversal, namely, that three causes of action are improperly united in the complaint, to wit, first, a suit in equity for the reformation of a lease; second, an action at law for damages for breach of the covenants of the lease, and, third, an action of unlawful detainer.

This court, upon an appeal upon the judgment-roll from a default judgment, will not consider the question of misjoinder of causes of action in the manner it would if a demurrer had been filed in the case upon that ground. If a complaint states a cause of action sufficient as against a general demurrer to sustain the relief actually given in the judgment, it will not be held invalid because it also states facts authorizing other relief. This follows from the rule laid down in *Alexander* v. *McDow*, 108 Cal. 25, [41 Pac. 24], and *Amestoy* v. *Electric Rapid Transit Co.*, 95 Cal. 311, [30 Pac. 550]. The complaint herein is not obnoxious to a general demurrer. It states a cause of action for unlawful detainer. It also attempts to state facts upon which it is claimed other relief might have been given; but, under the authority of those cases, this court will not, on appeal from a default judgment, where the complaint states a cause of action, as it does here, reverse the judgment because of an attempt to unite other causes of action with that of unlawful detainer.

There are other and more serious questions which arise upon this complaint, and the summons and service thereof, on which this default judgment is predicated.

The summons was the usual three-day summons provided in summary proceedings for the recovery of the possession of real property by section 1167 of the Code of Civil Procedure. It was served on May 14, 1907, the day the action was begun. Default of the defendant for failure to appear was entered four days later, namely, on May 18th. Other relief than possession of the property and damages for the unlawful detainer was prayed for in the complaint and granted by the judgment, and it is contended on behalf of appellant that for this reason the three-day summons was not proper, but that the usual ten-day summons should have been issued in the case, and that ten days after service thereof should have been allowed the defendant in which to appear. The other relief consisted in reformation of the lease by substituting the word "second" for the word "first" in reference to the party whose duty it was to water certain trees planted on the premises and to take

care of them. The party of the first part was the landlord; the party of the second part the tenant. The lease, recited literally in the complaint, contained among others this provision: "The party of the second part is to plant trees over ten acres of the tract, and the party of the first part is to furnish the trees therefor. The party of the *first* part agrees to water all the trees planted on said premises and to take the best care of them. *He* shall cultivate the space between the trees and all other ground where no trees have been planted." The lease gave the tenant (the defendant) exclusive possession of the entire property except a residence, which the landlord (plaintiff) reserved for her own use. The entire care of the property devolved upon the defendant. He was to care for and keep in repair the pumping plant on the premises. As has been said, the particular in which the court undertook to reform this lease was to substitute "party of the second part" for "party of the first part" in the above-recited clause thereof as to watering and caring for the trees. Respondent claims in that behalf that under the rule of *Gray* v. *Maier & Zobelein Brewery*, 2 Cal. App. 653, [84 Pac. 280], where there is an obvious inadvertence in naming the party charged with a duty in the lease, and where the defect is so glaring in itself as to suggest the mutual character of the error, the court will in an action of unlawful detainer ascertain and enforce the real intention of the parties without resort to a separate suit in equity to reform the lease. What the court did in that case was to find that the words "first party" used in the lease in connection with an option were inadvertently used where the words "second party" were intended, and adjudged that the lease be corrected accordingly. While that action was one of unlawful detainer the parties had appeared, and we doubt if the case is authority for holding that the equitable remedy of reforming a lease can be administered upon default under a three-day summons. But however that may be, we do not think it necessary to decide whether such is the rule of *Gray* v. *Maier & Zobelein Brewery, supra,* nor whether such rule should be applied here; for the trial court, having the right to construe the lease and, holding it by its four corners, to determine its true meaning, and it being unreasonable to put any other construction upon it than that the intention of the parties was that the tenant should water the trees and take care of them, it became unnecessary

to reform the lease. The whole question was one of construing the lease and determining its meaning, and that, too, where the meaning was clear, for the landlord was a woman, and in the sentence immediately following, if this paper is to be construed with technical exactness, the pronoun "he"— evidently referring to the party who was to water the trees— can refer to only one person, and that the tenant, who was a man. The lease, it must be admitted, was open to this construction, and really it is impossible to say that any other construction could be placed upon it. The judgment, therefore attempting to reform the lease, was immaterial.

It is alleged in the complaint that the defendant neglected and failed to perform various conditions and covenants of his lease, in that he failed and neglected during the calendar year 1916, and prior to the fifth day of May, 1917, to water all of the trees planted on said premises, or take the best care of them, and that he did not cultivate the space between the trees and all other ground where no trees had been planted, and that he did not furnish to the plaintiff vegetables and produce from said premises sufficient for the complete family use of the said plaintiff or to her satisfaction, and that he did not furnish all of the labor required to build a house, as agreed in said lease, and that he failed, and still fails, to furnish certain materials needed in the construction of said house, and that he had not kept in repair or good shape the pump, engine, or fences on the premises; that he had not constructed roads and paths required to be constructed by his lease; that he had not kept stock at the required distance from the house on said premises retained by said plaintiff, and that he has not properly cultivated or cared for said premises, and that he has committed waste on said premises—all of which things he was required to do and perform by the terms of the lease itself.

The default judgment, entered without findings, must be taken to have established all the facts aptly pleaded in the complaint, including a finding of the truth of the foregoing allegations. It is provided in subdivision 3 of section 1161 of the Code of Civil Procedure that a tenant of real property for a term less than life is guilty of unlawful detainer when he continues in possession, in person or by subtenant, after neglect to perform other conditions or covenants of the lease or agreement under which the property is held than the one for the payment of rent, and three days' notice in writing re-

quiring the performance of such conditions or covenants, or the possession of the property, shall have been served upon him, and, if there is a subtenant in actual possession of the premises, also upon the subtenant. Within three days after the services of the notice the tenant, or any subtenant in actual occupation of the premises, or any mortgagee of the term, or other person interested in its continuance, may perform the covenants or conditions of the lease, or pay the stipulated rent, as the case may be, and thereby save the lease from forfeiture; *provided,* that if the conditions and covenants of the lease violated by the lessee cannot afterward be performed, then no notice as last prescribed herein need be given to said lessee or his subtenant, demanding the performance of the violated conditions or covenants of the lease.

Under this proviso, if the defendant had violated conditions of his lease which could not afterward be performed, it was not necessary to include in the notice a demand for performance of such violated conditions or covenants. It is manifest that Farullo had violated conditions of his lease which could not afterward be performed, among others that of watering the trees, of taking care of them, the covenant to cultivate the space between the trees and the ground where no trees had been planted, and to furnish Mrs. Zucco with vegetables and produce sufficient for her family use during the calendar year prior to the fifth day of May, 1907; and, perhaps, some of the other violated terms of the lease set forth in the above-quoted allegations of the complaint. These things could not afterward be performed. Therefore, a demand for the performance of these violated conditions, at least, was not necessary to the validity of the notice to quit. It is alleged in the complaint that Mrs. Zucco caused to be personally served on Farullo a notice in writing, wherein she canceled the lease, and demanded that within three days he vacate the premises and surrender the possession thereof. This, in the view we take of the matter, considering the character of the violations of the conditions of the lease, was all that was required in the way of notice. The violation of these conditions of the lease terminated it. Especially is this true of the violation of the condition against waste. It is provided in subdivision 4 of section 1161 of the Code of Civil Procedure, that any tenant committing waste upon the demised premises contrary to the conditions and covenants of his lease thereby terminates the

lease, and the landlord or his successor in estate shall, upon service of 'three days' notice to quit upon the person or persons in possession, be entitled to restitution of possession of such premises under the conditions of this chapter. No alternative notice was, therefore, necessary. The notice to quit was all that was required. A notice to quit, such as is sufficient in this case, differs from a notice to perform or quit. Where the violation is of conditions which upon notice the tenant might perform within the three days, notice to so perform must be given; but where, as here, the breach of the lease is of such a nature that the condition violated cannot be performed no notice is required. (*Schnittger* v. *Rose*, 139 Cal. 656, [73 Pac. 449].) So, also, no useful purpose could be served by stating in the notice that Farullo's lease was canceled for failure to perform a specified condition of the lease, and for this reason, no doubt, the statute does not require that the reason for terminating the lease be stated in cases of this nature.

The allegations of the contents of the notice also are sufficient. It was not necessary to set out in full the notice served. The notice was alleged in accordance with its legal effect, and in the respect that it may be alleged either literally or according to its legal effect a notice to quit does not differ from other instruments.

So, also, the service was sufficiently alleged, for it is said in *Cowdell* v. *Linforth*, 10 Cal. App. 3, [100 Pac. 1071], that "it was only necessary for the plaintiff to allege that she served notice in writing upon the defendant, or that notice in writing was served upon the defendant, and prove that she served it or had it served. The statute (Code Civ. Proc., sec. 1162) provides different methods of serving notice, and the plaintiff was only required to allege the ultimate fact, to wit, that she had it served."

It is also claimed that the amount of damages given was too large. The trial court is presumed to have taken the evidence upon this point, and as the allegations of the complaint as to damages are presumed to have been supported by the evidence in the absence of findings, we cannot interfere with the trial court's decision upon that matter.

The judgment is affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.