RATHBONE, PLAINTIFF, *v.* STATE BOARD OF LAND COMMISSIONERS ET AL., DEFENDANTS.

(No. 7,431.)

(Submitted May 6, 1935. Decided May 31, 1935.)

[47 Pac. (2d) 47.]

Mr. *John G. Brown* and Mr. *William A. Brown,* for Plaintiff, submitted a brief; the former argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. Oscar A. Provost,* Assistant Attorney General, for Defendants.

*Mr. C. H. Loud, Mr. S. P. Wilson, Mr. J. A. Poore, Mr. W. G. Gilbert, Mr. Max P. Kuhr, Mr. Ernest A. Peterson, Mr. P. R. Heily, Mr. L. J. Onstad, Mr. E. A. Overland, Mr. W. C. Husband, Mr. W. R. Flachsenhar, Mr. Thomas Dignan, Mr. M. L. Parcells, Mr. John A. Tressler, Mr. Harry P. Bennett* and *Mr. T. B. Weir, Amici Curiae,* submitted a brief.

118

Messrs. *Cooper, Stephenson & Hoover,* for Intervener J. B. Long & Co., submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

C. R. Rathbone instituted this special proceeding to enjoin the state board of land commissioners from extending leases issued pursuant to the Act of 1933, in conformity with the direction contained in Chapter 61, Laws 1935.

Briefly, the complaint herein shows the following facts: Certain state lands were leased to J. B. Long & Co. in 1933 for a term expiring February 28, 1935, at the leasing price fixed by Chapter 42, Laws 1933, for noncompetitive leases. Long & Co. applied for an extension of its lease under the terms of Chapter 61, Laws 1935, but the extension has not yet been granted. The lands leased to Long & Co., by reason of their proximity to plaintiff's lands, are desired by plaintiff, and he is willing and able to pay a greater amount for leases thereon than the maximum noncompetitive prices fixed by Chapter 42, Laws 1933, and has made application for leases thereon.

It is alleged in the complaint that there are approximately 1,175 leases, covering 968,000 acres of state land, in the same situation as the J. B. Long & Co. lease, and approximately 246 applicants in the situation of this plaintiff. It is further alleged that the full market value of the leases is substantially higher than the leasing prices fixed by Chapter 42, Laws 1933.

On the filing of the complaint an order to show cause why the board should not be restrained from extending the J. B. Long & Co. lease unless and until the lands covered by the lease were opened for competitive bidding was duly served, and in response thereto the defendants filed a general demurrer to the complaint. Thereafter, J. B. Long & Co. was granted leave to intervene and filed its complaint in intervention, alleging its compliance with the requirements of Chapter 42, Laws 1933, and Chapter 61, Laws 1935, and that it is entitled to have its lease extended. It denies that the full market value is substantially, and any, higher than the rental fixed in the lease in accordance with the Act of 1933.

All questions here presented are determined in the opinion in *Leuthold* v. *Brandjord,* ante, p. 96, 47 Pac. (2d) 41, except as to the right of a leaser to have his lease extended when there is another applicant for the land leased, thus, ordinarily, requiring the land to be exposed to competitive bidding and giving the leaser but a preference right to lease at the highest rate bid by any other applicant. (Sec. 35, Chap. 60, Laws 1927.)

There is no question but that the state board, in the discharge of its trust, should, when leasing these state lands, ''secure the largest measure of legitimate advantage to the beneficiary of it.'' (*Rider* v. *Cooney,* 94 Mont. 295, 23 Pac. (2d) 261, 263.) Nor can it be successfully maintained that the board has power or authority to renew an expiring lease at the noncompetitive leasing price when there is another applicant willing and able to pay a higher rental, for the statutory rate is recognized as the ''full market value'' which has been ascertained ''in the manner provided by law,'' as required by section 1, Article XVII, of the Constitution (*Rider* v. *Cooney,* supra), only when there is no competition. (Chap. 42, Laws 1933.)

But the prohibition against leasing such lands at less than ''the full market value'' means, and can mean only, that the state board shall secure the full market value of the lease at the time such lease is issued. No one will contend that leases issued in 1933, at the then full market value of the interest in the land, whether determined by competitive bidding or by legislative Act, for the term expiring February 28, 1938, could be canceled in the spring of 1935 and the lessee required to pay an advanced rental because another advised the commissioner that he would be willing to pay more than the rental provided for in the lease. Such an Act, if possible of accomplishment, would be to secure, not a ''legitimate advantage,'' but an illegitimate advantage.

Clearly, the legislative intention in 1933 was that the ''universal practice'' of the Land Department in issuing five-year leases expiring on the last February 28, should be continued in renewing noncompetitive leases after the passage of the Act

of 1933. When the legislature discovered that, in certain instances, this practice had been departed from, that body promptly declared that all such short-term leases must be "extended" in order to give to the lessees "the same privileges, benefits, and advantages as are under authority of law conferred upon persons holding leases of such lands for a five-year period." (Chap. 61, sec. 1, Laws 1935.)

Here the legislature is presumed to act with full knowledge of the facts calling for such legislation (*Chicago etc. Ry. Co.* v. *Tompkins,* 176 U. S. 167, 20 Sup. Ct. 336, 44 L. Ed. 417; *Rider* v. *Cooney,* supra), and if two constructions of the Act are possible, it is our duty to adopt that construction which will render the Act constitutional (*State ex rel. Diederichs* v. *State Highway Commission,* 89 Mont. 205, 296 Pac. 1033; *State ex rel. Public Service Commission* v. *Brannon,* 86 Mont. 200, 283 Pac. 202, 67 A. L. R. 1020).

The Act of 1933 and that of 1935 are *in pari materia* and must be read and construed together (23 Cal. Jur. 787) ; they are, in effect, but one Act declaring the intention of the legislature that, from 1933 on, noncompetitive leases shall be issued for the customary five-year term at the rates therein fixed. As certain of the leases issued in 1933 did not in this respect conform to the intention of the legislature, that body simply declared that such leases must be "extended" to meet the requirement imposed upon the Land Department by the legislature. "Extended" means "stretched, spread or drawn out," and its use conveys an entirely different meaning from the use of the term "renewed"; under the former the term of a lease is merely enlarged, "stretched," upon all the terms and conditions of the instrument; while, under the privilege of renewal, a new lease is indispensable. (*Lang* v. *Pacific B. & M. Co.,* 44 Cal. App. 618, 187 Pac. 81; *Meyering* v. *Miller,* 330 Mo. 885, 51 S. W. (2d) 65; *Candler* v. *Smyth,* 168 Ga. 276, 147 S. E. 552, 554; *Quinn* v. *Valiquette,* 80 Vt. 434, 68 Atl. 515, 14 L. R. A. (n. s.) 962; *Gray* v. *Maier & Zobelein Brewery,* 2 Cal. App. 653, 84 Pac. 280.)

The Act of 1935, therefore, does not authorize the re-leasing of the lands in question, at the date of the expiration of existing leases, regardless of conditions then existing, but directs the correction of an administrative error committed at the time the leases in question were issued, by commanding that such leases as were issued for a short term shall have their terms "stretched, spread or drawn out" to conform to the terms of other leases issued at approximately the same time, but issued for the contemplated period, without affecting the terms and conditions of such leases. This action, we conclude, constitutes a valid "regulation" of the Land Department within the meaning of the constitutional provision, and within the decision in *Rider* v. *Cooney,* supra, and that *In re Leasing of State Lands,* 18 Colo. 359, 32 Pac. 986, and, therefore, it is immaterial that this plaintiff was, at a time subsequent to that when the J. B. Long & Co. lease should have been "extended," ready and willing to bid more for a lease on these lands if the Land Department would cancel the Long lease, or that a lease on these lands was then worth more in the market than the rental required under the lease, if this be a fact, for the lands were not open to lease or disposition in the face of the fact that the leaser had complied with the requirement of the Act by applying for an extension of the lease before February 28, 1935.

The action required by Chapter 61, Laws 1935, does not violate the prohibition of section 1, Article XVII, of the Constitution, in this regard, and, therefore, the writ must be denied.

Plaintiff's application for a writ of injunction is denied and this proceeding dismissed.

Associate Justices Stewart, Anderson and Morris concur.

Mr. Chief Justice Sands, being absent on account of illness, takes no part in the above decision.

Rehearing denied June 22, 1935.