Gibbons v. Peralta.

---

## GIBBONS v. PERALTA et al.

A DECREE pronouncing that a conveyance is fraudulent and void has the effect to remove any cloud resulting from its execution without an express direction that it be set aside.

Some two hundred persons, of whom plaintiff was one, claimed each separate parts of a tract of land called the "Encinal," deriving their several titles from a common source, and all through a deed of the whole tract from Peralta to Hays. Plaintiff brought the action for himself and on behalf of the others, whose titles were similarly situated, for the purpose of obtaining equitable relief against certain subsequent conveyances of the Encinal made by Peralta, alleged to be fraudulent, and to constitute a cloud upon the title derived through the deed to Hays, and asked, as a portion of the relief, a perpetual injunction against any further alienations by the fraudulent grantees (defendants). The decree pronounced the subsequent conveyances fraudulent

and void, and granted the injunction asked as to the plaintiff's separate portion of the land, but not as to that of the others for whom he sued : *Held*, on appeal by plaintiff from this decree, that it was not in this respect erroneous— that there was no such community of interest between the plaintiff and those whom he represented in the action as entitled him to an injunction in their favor.

APPEAL from the Fourth Judicial District.

On the thirteenth day of March, 1852, Vincente Peralta, being the owner of a tract of land, situate in Alameda County, called the " Encinal of Temaschal," embracing a part of the present city of Oakland, conveyed the same by deed to John C. Hays and others. This deed was not acknowledged or recorded. Plaintiff derives title to a portion of the tract by mesne conveyances from Hays and others.

On the seventeenth day of September, 1857, Peralta, by quit-claim deed, conveyed the same premises to Francisco Galindo, who, on the twenty-fourth of September, 1858, conveyed the same to Juan S. Pacheco. At the time of these sales plaintiff was in actual possession of the tract conveyed to him, and both Galindo and Pacheco knew at the time of their respective purchases of the unrecorded deed from Peralta to Hays and others.

The action is brought to remove from the title derived through the deed to Hays and others the cloud created by the subsequent conveyances to Galindo and Pacheco, both of whom, together with Peralta, are made defendants. The plaintiff states in his complaint that the " Encinal " tract is now owned in small parcels by about two hundred persons, who all derive their title in the same manner as himself—from Peralta through the deed to Hays and others of October 13th, 1852—and who have like claims with himself to equitable relief; that the parties being thus numerous, and the question one of common interest to many persons, he therefore sues for himself and on behalf of all others interested in the same manner.

The relief prayed for is that the deed from Peralta to Galindo be delivered up to be canceled ; that Pacheco be compelled to execute to himself and to the other purchasers from Hays a quitclaim deed to their respective parcels ; that Peralta be compelled to

acknowledge the deed of October 13th, 1852, or to execute a new one ; and that each of the defendants be enjoined from any further attempts at alienating or incumbering any portion of the tract conveyed by the deed of Peralta to Hays.

The Court found the facts in favor of plaintiff, and entered up the following decree :

" It is ordered, adjudged, and decreed, that the several sales and conveyances, to wit : by Vincente Peralta to Francisco Galindo, made and executed on the seventeenth day of September, 1857, are fraudulent, null, and void, as to the plaintiff and those in whose behalf he sues ; and by Francisco Galindo to Juan S. Pacheco, made and executed on the twenty-fourth day of September, 1858, were and each of them are likewise fraudulent and void as to the plaintiff and those claiming under him, so far as they in any manner affect the land of plaintiff as described in his complaint.   And it is further ordered, adjudged, and decreed, that the said defendants, Galindo, Peralta, and Pacheco, be and they are hereby perpetually enjoined from disposing of, alienating, incumbering, or conveying, any portion of the land of plaintiff as herein described ; and that the defendants pay the costs incurred by the plaintiff herein, amounting to one hundred and ninety-one dollars and seventy-five cents."

From this decree the plaintiff appeals, assigning as error that it does not afford adequate relief.

*H. P. Irving*, for Appellant.

The relief granted by the Court was not broad enough to answer the requirements of the bill and the proofs.   The Court decreed that the deeds sought to be set aside, to wit : the deed from Peralta to Galindo, and from Galindo to Pacheco, were fraudulent and void as to the plaintiff and those for whom the suit was brought, and yet refused to grant an injunction, so as to prevent the sale of the lands of the unnamed plaintiffs by the defendants.   In other words, the Court declared the deeds void as to the unnamed plaintiffs as well as to the named plaintiff, and granted an injunction as to the latter only.

The bill is filed under the fourteenth section of the Practice Act,

and states as strong a case as could possibly be presented. It is precisely a case where the question is one of a general or common interest of many persons, and where the parties are numerous, and it is impracticable to bring them before the Court. This statute is perhaps broader in its provisions than the law as laid down and practiced by Courts of Equity in cases of this sort.

The fraudulent deeds operated as a general cloud upon all the land embraced within the line of the Encinal, which is the same land that was conveyed by Peralta to Hays and others. It would be extremely inconvenient, and in fact ruinous, to the parties, that every lot holder in the city of Oakland should be compelled to institute a separate suit for the purpose for which this suit is now instituted.

Upon the facts found, the defendants should have been enjoined from selling any of the land within the line of the Encinal and described in the deeds. Thus, general relief would have been given to all the parties, not only the named, but the unnamed plaintiffs.

The decree is also erroneous, in not ordering that Vincente Peralta acknowledge the original deed executed by him to Hays and others in proper form, in order that the same may be used as evidence.

*O. C. Pratt,* for Respondents.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The plaintiff sues on behalf of himself and others, residents and property holders of the city of Oakland, to set aside certain conveyances operating as a cloud upon the title to the tract of land occupied by the city, and to obtain an injunction, etc. The Court below entered a judgment declaring the conveyances fraudulent and void, and enjoining the defendants from future alienations in respect to the land of the plaintiff, the relief in this particular being confined to the plaintiff alone. The plaintiff appeals, and contends that the judgment is not such as the pleadings and the evidence in the case entitled him to.

He objects that the conveyances are not expressly set aside ; but

the judgment determines their invalidity, and the effect is to remove the cloud resulting from their execution. We are of opinion, therefore, that the objection is not well taken, and that the judgment secures to the parties concerned all the plaintiff asks in respect to the conveyances.

The only further objection is that the injunction is limited in its operation to the land of the plaintiff, and we regard this objection as untenable also. So far as this branch of the case is concerned, it is sufficient to say, generally, that there is no such community of interest between the plaintiff and those whom he represents in the action as entitles him to an injunction in their favor.

We adhere to the judgment of affirmance previously entered.