[Civ. No. 7907. First Appellate District, Division One.—August 31, 1931.]

SAMUEL MOE et al., Respondents, v. THEODORE GIER et al., Defendants; THOMAS M. GARDINER et al., Appellants.

Edmund De Freitas and Ralph W. Arnot for Appellants.

J. W. O'Neill for Respondents.

WARD, J., *pro tem.*—This is an action to secure a decree quieting title to real property and to cancel restrictions. In April, 1922, defendant C. W. Boden, the owner and entitled to possession of a tract of land situated in the city of Oakland, county of Alameda, subdivided the tract into lots numbered one to twenty-four, inclusive, and thirty-seven to sixty-five, inclusive, as appear upon a map designated as "Lake Knoll". Lots twenty-five to thirty-five, inclusive, are designated upon a second map as "Resubdivision of Lot No. 25, Lake Knoll". Subsequently by deed dated January 8, 1925, C. W. Boden retained two lots and conveyed all of the remaining lots to Agnes Boden. In some of the deeds of conveyance there was no provision or statement that the lot thereby conveyed was restricted as to the use of said lot, as to the character or value of improvements to be placed thereon or the position on the lot in which such improvements could be located, or as to the use or uses to which such lots could be put. In some of said deeds there were provisions inserted providing for the character and value and location of improvements which could be placed thereon and the uses to which said lots could be put. In some of the conveyances it was specified that a structure might be erected within four feet of the side line. In one deed five feet was specified. Other deeds did not contain side-line restriction. Certain of the deeds contain restrictions relative to the height of fences and hedges prior to January, 1940. Some of the deeds provide that "it is expressly agreed that said parties of the second part take said real property subject to and upon said conditions and restrictions, that the same run with the land, and that in case of the violation of any of said conditions or restrictions by said parties of the second part, their heirs, executors,

administrators, successors or assigns, all the right, title and interest of said parties of the second part, their heirs, executors, administrators, successors and assigns, in and to said real property, shall immediately cease and determine, and revert to and vest in said parties of the first part, their heirs, and assigns; it being further expressly agreed that forbearance by the parties of the first part, their heirs, or assigns to take advantage of any breach of said conditions or restrictions shall not constitute or be construed as a waiver of the rights of the parties of the first part, their heirs and assigns, by reason of such or any subsequent breach or default. And the said parties of the second part by the acceptance of this conveyance covenant and agree faithfully to observe and abide by all said conditions and restrictions. That the right to enforce the covenants and restrictions set forth in this deed shall run to each owner of any lot described on the aforesaid map.'' Many of the deeds are silent relative to restrictions and except for the provision above set forth as to certain lots, it is not stated that the land conveyed by the deed is a part or portion of a larger tract, or that the restrictions contained in the deeds are for the benefit of other lands, nor was there in any of the deeds any description or designation of the land which was the dominant tenement, nor was there in any of the deeds, any statement that the restrictions imposed upon each or any of the parcels of land were part of a general plan of restriction common to all the parcels in the tract or designed for the mutual benefit of all the parcels contained in the tract, nor was there in any of the deeds any statement that the parcel thereby conveyed should be subject to restrictions in accordance with any plan for the benefit of all other parcels in the tract, or that all other parcels in the tract should be subject to such restrictions for its benefit. Neither the defendant Boden nor his successor ever made public a formulated and uniform plan for restricting the use of the lots except that a pamphlet was presented to the defendants Thomas M. and Grace Gardiner. There have been erected twenty-one apartment houses, twelve single family residences and at the time of the trial there were thirty-one vacant lots in this tract. Some of the apartment houses are built right up to the property line and others are back from the property line from two to eight feet.

Plaintiffs and respondents are the owners of a certain lot and seek to have the restrictions canceled. All defendants served permitted a default to be entered except the defendants and appellants Gardiner, who assert the right to enforce the restriction against the lots of respondents. Appellants are grantees of Boden prior to his deeding away the balance of the tract without restrictions. Appellants contend that plaintiffs were not entitled to a decree quieting title as against these restrictions; that the language in the deeds created equitable servitudes; that the language in the deeds constituted covenants running with the land; that the restrictions are enforceable though not running with the land; and that the court erred in admitting the judgment-roll of the case of *Oakland Title Ins. & Guar. Co.* v. *Boden.* The decision in *Strong* v. *Shatto,* 45 Cal. App. 29 [187 Pac. 159, 163], cited by appellants, is based primarily upon *Brown* v. *Huber,* 80 Ohio St. 183 [88 N. E. 322, 28 L. R. A. (N. S.) 707, and note], wherein it was held: "A change of circumstances cannot be considered on a petition at law to ascertain the limits of a restriction in a deed as equitable grounds for not enforcing it" and "the covenant will not for that reason, and in advance of a breach, be declared a nullity in a suit instituted by the covenanter". In *Strong* v. *Shatto, supra,* the court also said: "As there has been no breach of the conditions here, and no attempt to enjoin such a breach or to enforce a forfeiture, we think it premature, at least, to determine the equities of the parties as they might exist at some future time in the event of such breach." The extent of the holding in *Strong* v. *Shatto, supra,* is that an action to quiet title against contractual obligation because of changed conditions will not lie. The court there was dealing with changed conditions outside but near the restricted area. The court did not hold that quiet title would not apply under different facts and circumstances. Subsequently one Albert was substituted for plaintiff Strong. A supplemental complaint was filed which has a marked resemblance to the complaint in the instant case. Upon the second hearing (*Strong* v. *Hancock,* 201 Cal. 530 [258 Pac. 60]) the trial court gave undue importance to the decision on the former appeal (see concurring opinion of Mr. Justice Shenk), and ordered judgment practically as in the first trial. The Supreme Court held that there was sufficient evidence to

sustain the trial court in denying relief and affirmed the decision, but *Strong* v. *Hancock, supra,* did not hold that the supplemental complaint was sufficient. If the common owner sell some lots with restrictions and subsequently sell others without restrictions, surely it cannot be contended that those purchasing without restrictions could be forced to build, etc., within the restriction limits. An action, under such circumstances, by a restricted property owner against the grantor alone, to cancel the restrictions would be successful as to the grantor's right to enforce the restrictions against such restricted owner. The restricted owner would have the right to remove any cloud from his property, and any claim by any other restricted owner that might interfere with the privilege of building or using the land unrestrictedly. Hence, a suit to quiet title against the remainder of the tract tenants. That quiet title is a proper action in a proceeding such as the instant case see *Bernstein* v. *Minney,* 96 Cal. App. 601 [274 Pac. 614]. The supplemental complaint in *Strong* v. *Hancock, supra,* was a quiet title proceeding wherein the court was asked to render a declaratory judgment. In *Strong* v. *Shatto,* 201 Cal., at pages 557–559 [258 Pac. 71, 72], a case growing out of the action of *Strong* v. *Hancock, supra,* the court said: ''This action in its original inception was an action to quiet title and it retained this character throughout, notwithstanding its amplification both as to the parties and as to the relief sought through the filing and service of the substituted plaintiff's supplemental complaint . . . since the terms restrictions, reservations and conditions subsequent of each and all of the deeds of each and all of the defendants to this action were fully set forth in the supplemental complaint filed herein and the court was thereby asked to determine the respective rights and interests of each and all of said defendants thereunder and to render a declaratory judgment in so doing . . . the court did not go beyond the issues tendered in said supplemental complaint.'' In the case at bar there can be no doubt that there is an actual controversy relating to legal rights between parties interested in a deed or deeds. Plaintiff seeks an adjudication that the purported restrictions are invalid and that defendants be restrained from attempting to enforce them. Section 1060 of the Code of Civil Procedure (enacted subsequent to

the original decision in *Strong* v. *Shatto,* 45 Cal. App. 29 [187 Pac. 159]) provides in part as follows: "Any person interested under a deed . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the Superior Court for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. He may ask for a declaration of rights or duties, either alone or with other relief. . . . Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought." Under the provisions of sections 738 of the Code of Civil Procedure and 1060 of the Code of Civil Procedure, plaintiffs are entitled to have the entire matter adjudicated at this time.

█ The language in the deeds involved herein did not create equitable servitudes. To create an equitable servitude in the grant of lands in a large area it is essential that there must be a general scheme of restrictions sufficiently uniform in character to indicate unmistakably a designated and adopted plan throughout common to all purchasers of lots. The restrictions must not only appear in one deed, but in all the deeds and must expressly declare that such restrictions are for the benefit of and run with all other lots in the designated area. In other words, the restrictions must be for the mutual benefit of all parcel owners and each lot imposed with a servitude for the benefit of each and every other lot. █ It is necessary to state in the deed what is the servient and what is the dominant tenement. (See *Bergman* v. *Hotel Savoy,* 160 Cal. 559 [37 L. R. A. (N. S.) 5, 117 Pac. 677]; *Werner* v. *Graham,* 181 Cal., at 174 [183 Pac. 945]; *McBride* v. *Freeman,* 191 Cal. 152 [215 Pac. 678].) The intent of the parties to create mutual and reciprocal rights of restrictions between the grantees of the original grantor must appear in the deed. (*Gamble* v. *Fierman,* 82 Cal. App., at p. 182 [255 Pac. 269].)

The deeds provide that the restrictions run with the land and also provide that the right to enforce the covenants and restrictions set forth in a particular deed run to each owner of any lot. To enforce what? To enforce one parcel holder to keep his building five feet away from the side line; to enforce the next holder to keep away four feet

from the side line while many others need not, according to their deeds, pay any attention to side lines? Can it be said that one holder could be forced to erect a ten thousand dollar home while a near neighbor may, unrestricted as to value, erect a shack? The deeds do not contain a sufficiently uniform scheme or plan. Some deeds are silent relative to restrictions; others contain restrictions, but differ in many respects from restrictions in other deeds. No statement appears that the restrictions are for the benefit of other lands in the tract and the dominant tenement is not designated. The intent to create mutual and reciprocal rights of restrictions between the grantees does not appear when all the deeds are considered which is a requisite to the creation of equitable servitudes.

In the deed in question here and in all the deeds except the deed of Boden to his wife the word "condition" and "covenant" are used referring to the same subject matter, namely, the restrictions set forth in the deed. "There is a decided distinction between the creation and effect of a condition and a covenant. A condition is a qualification annexed to an estate by the grantor, upon the happening of which the estate granted is enlarged or defeated, and it differs from a covenant in this, that it is created by the mutual agreement of the parties and is binding upon both; whereas a covenant is an agreement of the covenantor only." (*Knight* v. *Black*, 19 Cal. App. 522 [126 Pac. 512, 514].) The entire context, and not a single clause, will determine the intention of the parties. "Condition" is used in the deed synonymously with "restriction". "Conveyance" is used synonymously with "agreement". Covenants that run with the land are distinguishable from servitudes. The qualifications of covenants running with the land are set forth in section 1460 of the Civil Code. Section 1468 of the Civil Code provides: "A covenant made by the owner of land with the owner of other land to do or refrain from doing some act on his own land, which doing or refraining is expressed to be for the benefit of the land of the covenantee, and which is made by the covenantor expressly for his assigns or to the assigns of the covenantee, runs with both of such parcels of land." There is no expression in the deed—"for the benefit of the land". The varied restrictions in these deeds are not benefits but detri-

ments. The restrictions are not alike as to all purchasers. They are personal to each lot owner and therefore cannot be enforced against other lot owners. Under such circumstances, no matter how expressed, they cannot run with the land. There is authority in this state holding: "The authorities undoubtedly sustain the proposition that where a proper case is presented, equity will enforce a personal covenant or agreement relative to land as effectually as would a court of law had the covenant been one clearly running with the land." (*Hunter* v. *Jones*, 149 Cal. 297–301 [86 Pac. 686, 688].) In that case there was every equitable reason to enforce the rule. In this case the varied restrictions in different deeds makes the whole project unfair and discriminating. Of course, it is not contended that the restrictions set forth in the Gardiner deed could be enforced against every lot holder in the tract. To enforce the restrictions against some of the lot owners and not against the others or to enforce the restrictions as they appear in each deed would result in a tract of land insufficiently uniform in character, would create a monopoly as to some lot owners and would be inequitable.

In this case the judgment-roll in *Oakland Title Insurance and Guarantee Company* v. *C. W. Boden and Agnes Boden* was introduced. Therein the court decreed that the Bodens did not have any right, title, claim or interest or right of reversion or right of forfeiture in or to said lots owned by plaintiff in that action, the predecessors of plaintiffs in this action. Its introduction against these defendants was inadmissible, but we think that the findings herein make it plain that the court did not find that the Gardiners had waived and relinquished their rights to enforce the purported restrictions, but that such order in that case was against the Boden defendants.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.