[Civ. No. 5251. Third Appellate District.—December 22, 1934.]

PAUL G. FORMAN et al., Plaintiffs and Appellants, v. G. ALLAN HANCOCK, Defendant and Appellant.

Leonard Comegys and Clare Woolwine for Plaintiffs and Appellants.

Stephens & Stephens for Defendant and Appellant.

THOMPSON, J.—The grantor and grantees named in deeds to certain Los Angeles lots have appealed from a judgment which was rendered in a suit for declaratory relief brought under the provisions of section 1060 of the Code of Civil Procedure to construe a clause in those instruments which restricts the use of the lots, among other limitations, to residential purposes. The deeds provide for a forfeiture of title and the right of repossession by the grantor in the event of a violation of any of these prohibited uses of the land. The court found that the conditions surrounding the premises changed since the execution of the deeds, rendering it inequitable to enforce the restriction limiting the use of the lots to residential purposes. All other restrictions were held to be valid and enforceable. The Security-First National Bank was merely the trustee through which the title to the lots was passed. It had no real interest in the litigation.

The grantor claims that the judgment is contrary to law and that it is not supported by the evidence. The grantees assert that the court failed to determine all of the necessary issues which are involved in the case.

The complaint alleges that the appellant Hancock was the owner of a tract of land adjacent to Wilshire Boulevard in the city of Los Angeles, including group two, tract 5049, consisting of five lots, according to the map of that subdivision of Los Angeles on file in the records of that county; that these lots were sold and conveyed separately in 1922 to the plaintiffs or their predecessors in title; that the

deeds contain restrictions and conditions subsequent running with the land which confine the use thereof to residential purposes and prohibiting the sinking of oil wells, the building or maintenance of hospitals, sanatoriums, places of amusement, commercial enterprises, billboards or the occupancy of the property by persons other than those of the Caucasian race, and fixing the minimum cost and the location of structures to be erected thereon, together with a reversionary clause for the violation of any of these restrictions. It is then alleged that the rapid development of that tract since the execution of these deeds has converted it into commercial property which is valuable chiefly for business enterprises and has so increased the taxes and maintenance of the property that it has become inequitable and unprofitable to use it solely for residential purposes. It is alleged that a controversy exists between the grantor and the grantees regarding the enforcement of these restrictions. The prayer asks the court to declare that ''the plaintiffs hold their property free of any reversionary interest'', and that they be permitted to erect and maintain thereon buildings which may be devoted to business enterprises and for any further relief which may be just and equitable.

The answer of the defendant Hancock admits the sale of the lots in group two, tract 5049, according to the map of that subdivision of Los Angeles as alleged in the complaint subject to the restrictions above mentioned, and asserts that the deeds provide that ''before any forfeiture may be declared or enforced, the grantor, his heirs, successors or assigns shall post in a conspicuous place on the premises, a written notice declaring his intention so to do, and if within thirty days thereafter the grantee shall cure the breach, then no forfeiture shall be declared or enforced therefor''. The answer admits the changes which were alleged to have occurred since the sales of the lots respecting the conditions surrounding them, but denies that the defendant has threatened to ''enjoin the violation of any of the said respective conditions or restrictions''.

At the trial the court adopted findings favorable to the plaintiffs on all the essential issues of the case which are supported by the evidence. These findings recite in elaborate detail and adopt as true all the facts and circumstances

appearing in the evidence indicating the change of conditions surrounding the property in question since the execution of the deeds, and concludes that such changes render it inequitable to enforce the restrictive clause of the deeds confining the use of the lots to a residential purpose. All other restrictions were held to be valid and enforceable. In regard to the residential restriction the court found that:

"Because of the changed conditions . . . the rights and remedies of the defendant Hancock in respect thereto, or by reason of a breach thereof, should a breach occur, *have become and are now abridged and limited in the following particulars* but none others, to-wit:

"That should said conditions, covenants and restrictions be breached by the use of any of said group two lots *for business purposes, or by the erection or maintenance thereon of a structure designed for business uses;*

"(a) no court will grant or issue an injunction restraining such breach or requiring the abatement of such structure; nor,

"(b) will any court make a decree requiring specific performance of any covenant imposed by the express provisions of the Hancock-Security deed upon or in respect to any such lot; nor

"(c) will any court in any action in equity decree a forfeiture or a reversion to defendant Hancock, of the title thereto; nor

"(d) will any court declare, or lend its aid to defendant Hancock in the declaration of a forfeiture as a condition precedent to the exercise by the defendant Hancock of his rights to forfeit and/or to reenter and/or to cause a reversion to him of the title to any such lot for condition broken."

A decree of declaratory relief was thereupon rendered in exactly the preceding language. The plaintiffs are relieved from the effect of the restrictive clauses of their deeds with respect to the residential use of the property. All other restrictions were held to be valid and binding. From this decree both the grantor and the grantees have appealed.

■ We are of the opinion the findings and judgment cover all the essential issues which were presented by the pleadings. It was unnecessary for the court to adopt findings stating in detail the probative and evidentiary facts

of the case. ■ All that is necessary for a court to find are the ultimate facts necessary to support the judgment upon the essential issues which are presented by the pleadings. (24 Cal. Jur. 968, sec. 203.) The findings are, however, harmless in that regard. ■ The evidence adequately supports the findings and judgment to the effect that the changed conditions surrounding the premises in question which have occurred since the purchase of the lots render it inequitable and unreasonable to enforce the restrictive clauses of the deeds limiting the use of the lots to residential purposes, relieving the grantees therefrom, and authorizing the plaintiffs to construct structures thereon and use the same for business purposes.

■ It is the established law of this state that a grantee of real property is entitled to be relieved of the restrictive provisions of his deed of conveyance before the breach thereof which limits the use of his property to residential purposes and prohibits the erection or use of buildings thereon for business or commercial purposes when it appears that conditions affecting the property which have occurred since the purchase thereof have changed so as to render the property unsuitable or useless for the purpose to which it was originally confined. (*Hess* v. *Country Club Park,* 213 Cal. 613 [2 Pac. (2d) 782]; *Hurd* v. *Albert,* 214 Cal. 15 [3 Pac. (2d) 545, 76 A. L. R. 1348]; *Downs* v. *Kroeger,* 200 Cal. 743 [254 Pac. 1101]; *Childs* v. *Newfield,* 136 Cal. App. 217 [28 Pac. (2d) 924]; *Letteau* v. *Ellis,* 122 Cal. App. 584 [10 Pac. (2d) 496]; *Moe* v. *Gier,* 116 Cal. App. 403 [2 Pac. (2d) 852]; *Strong* v. *Hancock,* 201 Cal. 530 [258 Pac. 60].) ■ This remedy is properly afforded in a suit for declaratory relief under the provisions of section 1060 of the Code of Civil Procedure. (*Hess* v. *Country Club Park, supra.*)

The court therefore properly held that the grantees of the lots in group two, tract 5049, according to the map of that subdivision of Los Angeles, should be relieved of the restrictions in their deeds limiting their use of the property to residential purposes and authorizing them to construct and maintain thereon buildings for the conducting of lawful business enterprises.

The plaintiffs, however, contend that the court erred in failing to quiet title to their respective lots as against the defendants with respect to the residential restrictions which are contained in their deeds; that the court also erred in failing to permanently enjoin the defendant Hancock from attempting to enforce the residential restrictions or to recover possession of the property or otherwise interfere with the grantees' title thereto in the event they should undertake to construct or maintain thereon buildings for commercial purposes, and that finding number VI which was adopted by the court is not supported by the evidence. That finding reads: "Except as indicated in the conclusions of law following these findings, the ownership and tenure as aforesaid of each of said plaintiffs, and the title to each of said lots, is subject, however, to those of the conditions, reservations, covenants and restrictions imposed upon and made applicable by the Hancock-Security deed to each of the group two lots."

We are of the opinion there is no merit in the preceding assignments of error for the reasons that the judgment which was rendered in this case affords the plaintiffs substantially all of the relief claimed by them and because this suit was neither an action to quiet title nor a suit for injunctive relief, but on the contrary it is a proceeding under section 1060 of the Code of Civil Procedure to construe and declare the effect of specific reservations of deeds of conveyance limiting the use of the property to residential purposes. Assuming, without so deciding, that the court might have properly quieted title to the lots in the plaintiffs in so far as the reversionary clauses of the deeds with respect to the use thereof for residential purposes is concerned, it was not necessary to do so. The invalidity of those provisions of the deeds is specifically adjudicated in unambiguous language. The cloud which might affect the title to these lots by the future construction of business buildings thereon is effectually removed by the decree which was rendered. It has been held that it is not reversible error to fail to set aside a conveyance which the court has actually held to be void since that determination in effect removes any cloud which may have been cast on the title. (*Gibbons* v. *Peralta*, 21 Cal. 629; 22 Cal. Jur. 192, sec. 59.) So in the present case the court specifically holds that the

residential limitation clause of the deeds is "abridged and limited" so that it may not be deemed to be a breach thereof for the grantees to erect or maintain thereon "structures designed for business uses".

 The court was justified in refusing to issue a permanent injunction in this case. The complaint does not ask for an injunction. It does not specifically allege that the grantor ever threatened to interfere with the plaintiffs' title or right of possession on account of a future violation of the provision of the deeds limiting the use of the property to residential purposes. The defendant Hancock in his answer specifically "denies that he has threatened or does threaten that he will enjoin the violation of any of the said respective conditions or restrictions". There is no evidence in the record to indicate that the defendant Hancock ever threatened to interfere with plaintiffs' right of possession or title to their respective lots. Since the court has held, in effect, that the provisions of the deeds with respect to the limitation of the use of the property to residential purposes are void and unenforceable, we may not assume that the grantor will nevertheless attempt to enforce that clause or interfere with the title of the plaintiffs in that regard. It has been held that a court is not warranted in issuing a permanent injunction to prohibit an attempt to enforce a contract which has been held to be illegal or void when there is no reason to anticipate such conduct. (*O'Brien* v. *O'Brien,* 197 Cal. 577 [241 Pac. 861].)

 Finding number VI, to the effect that the plaintiffs are bound by the restrictions of their deeds, other than the one respecting the use of the property for residential purposes, is adequately supported by the evidence. The terms of these restrictions as they are contained in duly executed deeds of conveyances were received in evidence. The burden was on the plaintiffs to show any legal or equitable cause entitling them to be relieved therefrom. These restrictions prohibit the sinking of oil wells, the renting of the property to persons other than those of the Caucasian race, and a number of other limitations. The evidence was addressed solely to the limitation of the use of the property for residential purposes. There is not a particle of evidence impairing the validity or equity of the other restrictions.

 The plaintiffs may not complain of a finding sup-

porting the clear and unambiguous terms of their deeds which they did not attack at the trial and regarding which they offer no testimony.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 18, 1935.